UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| GREGORY D. DOUGLAS, | ) |
| | ) |
| v. | ) No. 1:18-cv-00015 |
| | ) Judge Crenshaw/Frensley |
| DAMON HININGER, et al., | ) |

**ANSWER OF CORECIVIC, BRANDON BOWERS, AND DOREEN TRAFTON**

Defendants CoreCivic, Brandon Bowers, and Doreen Trafton ("Defendants"), by and through their undersigned counsel, files this Answer in response to Plaintiff's Complaint [D.E. 1 & 8]. Defendants' below answers are in consideration of the Court's order partially dismissing Plaintiff's Complaint. [D.E. 9].

## GENERAL OBJECTIONS

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and Defendants deny that they violated any of Plaintiff's constitutional rights. Plaintiff's allegations fail to state a viable claim and fall well short of any constitutional violation whatsoever.

## ADMISSIONS & DENIALS

Defendants rely on this Court's order dismissing all claims in Plaintiff's Complaint except for Plaintiff's claim for excessive force. [D.E. 9].

Defendants admit that this Court has jurisdiction over Plaintiff's attempted claim, but denies that Plaintiff suffered a constitutional deprivation. Defendants deny that Plaintiff is entitled to any relief under any theory of law. Defendants admit that Plaintiff is a TDOC inmate and that at times relevant to Plaintiff's complaint, Plaintiff was incarcerated at South Central Correctional Facility ("SCCF"). Defendants admit that at times relevant to Plaintiff's complaint, Defendants

Bowers and Trafton were employed at South Central Correctional Facility. Defendants are without sufficient information or belief concerning Plaintiff's previous lawsuits and demand strict proof thereof.

Defendants admit that on October 2, 2016, Plaintiff was informed that he was being moved to a different cell. Defendants deny that after striking officers, Plaintiff lay on the floor in compliance with officers. Defendants admit that after gaining control of Plaintiff, Plaintiff was escorted by officers to the segregation medical area. Defendants deny that Plaintiff was compliant with officers during transport to the segregation medical area. Defendants deny that officers repeatedly beat Plaintiff's face and head against the wall, kicked or punched Plaintiff repeatedly, or in any other way used excessive force against Plaintiff. Defendants deny that they in any way violated Plaintiff's constitutional rights and deny that they in any way used excessive force on or against Plaintiff. Defendants deny that Plaintiff is entitled to any relief whatsoever, under any theory of law.

## GENERAL DENIAL

All allegations in Plaintiff's complaint not admitted, denied, or explained are now expressly denied, and Defendants demand strict proof thereof. Defendants deny that Plaintiff is entitled to any relief under any theory of law and demand that the Complaint of the Plaintiff be dismissed and that Defendants be awarded their reasonable and necessary attorney's fees pursuant to 42 U.S.C. § 1988.

## AFFIRMATIVE DEFENSES

1. Defendants assert that Plaintiff's Complaint should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure for failure to set forth a claim upon which relief can be granted.

2. Defendants deny that they violated any of Plaintiff's constitutional rights, including Plaintiff's rights secured under the Eighth Amendment of the United States Constitution.

3. Defendants deny that they acted in any manner that could be described as deliberately indifferent to the rights of the Plaintiff, or that they intentionally deprived Plaintiff of any constitutional rights.

4. Defendants rely upon any and all immunities whether absolute and/or qualified and state that at all times they acted in good faith, without a denial of Plaintiff's constitutional rights; therefore, Plaintiff is not entitled to any recovery from Defendants.

5. Defendants affirmatively rely on the public duty doctrine.

6. Defendants exercised a degree of care which was reasonable, prudent, proper, and lawful at all times relevant and material hereto. Any injuries that Plaintiff may have sustained, if any, were the fault of his own actions or inactions; therefore, Plaintiff cannot recover from Defendants.

7. To the extent that discovery reveals that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), Defendants assert that Plaintiff's Complaint must be dismissed.

8. At all times relevant, Defendants acted in good faith as reasonable and prudent correctional officers under the laws of the State of Tennessee. Defendants were not deliberately indifferent to any constitutional right of the Plaintiff.

9. Plaintiff is not allowed to assert a theory of *respondeat superior* against Defendants pursuant to 42 U.S.C. § 1983.

10. Defendants affirmatively state that, at all relevant times, they followed the appropriate policies and procedures that were enacted and appropriate to protect Plaintiff's constitutional rights.

11. Defendants rely upon the statute of limitations and assert that Plaintiff's claims are barred by the applicable statute of limitations.

12. Plaintiff has failed to comply with or satisfy his burden under the Prison Litigation Reform Act.

13. Defendants affirmatively reserve their right to amend, at any time throughout this case, any of the foregoing affirmative defenses and/or responses, and/or to assert additional affirmative defenses that may become warranted due to discovery or factual developments.

WHEREFORE, PREMISES CONSIDERED, Defendants hereby answer Plaintiff's Complaint, by and through counsel, and demand that Plaintiff's Complaint be dismissed. The Defendants further move that they are entitled to costs, reasonable and necessary attorney's fees, and expenses pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

PENTECOST, GLENN, MAULDIN & YORK, PLLC

By: s/James I. Pentecost
James I. Pentecost (#11640)
Jessica H. Chandler (#032031)
Attorneys for Defendants
106 Stonebridge Boulevard
Jackson, Tennessee 38305
(731) 668-5995 – Telephone
(731) 668-7163 – Facsimile
Email: jpentecost@pgandr.com
jchandler@pgandr.com

# CERTIFICATE OF SERVICE

      This is to certify that I served a copy of this pleading (Notice of Appearance) by U.S. mail upon the following:

Gregory Douglas, #458144
West Tennessee State Penitentiary
P.O. Box 1150
Henning, TN  38041

      This the 16th day of June, 2018.

                                      By:    s/James I. Pentecost
                                                  James I. Pentecost