IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREGORY DOUGLAS,  ) | |
|     Plaintiff,  ) | |
| ) | |
| v.  ) | Civil No. 1:18-cv-00015 |
| ) | Judge Campbell/Frensley |
| DAMON HININGER, et al.  ) | |
|     Defendants.  ) | |

## ORDER

Pending before the Court is pro se Plaintiff's Motion to Amend His Petition to Enter Photographs as Exhibits. Docket No. 27. The Defendants have filed a response in opposition to the motion. Docket No. 28. For the reasons set forth herein, Plaintiff's motion is GRANTED.

Plaintiff filed this action under 42 U. S. C. § 1983 alleging a violation of his Eighth Amendment right to be free from excessive force. Docket No. 1. Specifically, he alleges Defendants sprayed him with pepper spray and among other things beat his face and head against a wall. *Id.* Plaintiff's motion seeks leave to add photographs as exhibits in evidence in the case. Docket No. 27. The photographs in question appear to be photographs of injuries allegedly sustained by the Plaintiff. Docket No. 27-1.

While the Defendants acknowledge that Plaintiff generally can submit photographs in a responsive pleading, pretrial order or notice in accordance with the Federal Rules of Civil Procedure they contend that these photographs are unnecessary under Rule 10 of Federal Rules of Civil Procedure and that allowing the Plaintiff to file photographs as "exhibits in evidence" without proper authentication would circumvent the Federal Rules of Civil Procedure and Evidence and be improper. Docket No. 28.

Rule 10(c) Fed. R. Civ. P. authorizes the attachment of exhibits to pleadings. It is certainly not an uncommon practice to attach demonstrative exhibits to a pleading as is acknowledged by the Defendants. A complaint must "contain 'either direct or inferential allegations respecting all material elements for recovery under a viable legal theory.'" *D'Ambrosio v. Marino,* 747 F. 3d 378, 383 (6th Cir 2014)(quoting *Philadelphia Indem. Insurance Co. v. Youth Alive, Inc.*, 732 F. 3d 645, 649 (6th Cir 2013)). In the context of a motion to dismiss, a court "may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to the complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F. 3d 426, 430 (6th Cir. 2008).

While authentication and relevance will be a touchstone of admissibility and further proceedings in this matter, the Defendants cite no authority that such factors are considerations at the pleading stage. Because Plaintiff's allegations relate to injuries he allegedly sustained because of a beating to his head and face, photographs which depict his alleged injuries are relevant and appropriate as exhibits to the Complaint. Therefore, Plaintiff's motion to amend the petition to add the photographs as exhibits (Docket No. 27) is GRANTED. The clerk is directed to add the photographs at Docket No. 27-1 to the Complaint in this matter, as exhibits.

**IT IS SO ORDERED**.

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**