# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| GREGORY DOUGLAS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:18-cv-00015 |
| ) | Judge Campbell/Frensley |
| DAMON HININGER, et al. ) | |
|     Defendants. ) | |

## ORDER

Pending before the Court is Defendants' Motion and Memorandum for Sanctions Against Plaintiff Pursuant to Fed. R. Civ. P. 37(d) and Fed. R. Civ. P. 41(b). Docket No. 44. Plaintiff has not filed a response. For the reasons stated herein, Defendant's motion is GRANTED in part.

## RELEVANT FACTS

The pro se Plaintiff in this matter is prisoner housed at West Tennessee State Penitentiary ("WTSP"). On March 5, 2019, the Court granted Defendant's motion for leave to depose the Plaintiff in this matter. Docket No. 41. On March 6, 2019, Defendants filed a Notice of Deposition indicating that the Plaintiff's deposition would take place on March 12, 2019. Docket No. 43.

On March 12, 2019 Plaintiff appeared for his deposition and despite answering some preliminary questions and acknowledging the Court's Order granting permission for counsel to depose Plaintiff, eventually refused to answer any questions related to the lawsuit and terminated the deposition. Docket No. 44-1. Defendants thereafter filed the instant motion for sanctions based upon Plaintiff's refusal to participate in his deposition. Docket No. 44. Defendants assert that Plaintiff's refusal to answer questions has hindered their ability to discover all relevant information and prejudice their ability to defend the case. Docket No. 44, p. 4. Further, Defendants incurred

significant legal and travel expenses, would incur additional expenses if forced to retake the deposition and due to Plaintiff's status *in forma pauperis,* the only sanction that would deter the Plaintiff and other future Plaintiffs from not participating in a deposition would be dismissal. They argue alternatively that dismissal is appropriate under Federal Rules of Civil Procedure 41(b) based on Plaintiff's failure to prosecute or to comply with the rules or orders of the court on the same facts. *Id.* at p. 5. In the event the Court were to allow Plaintiff's claim to proceed, they request that the Plaintiff be required to participate in a deposition and that the dispositive motion deadline be extended to allow adequate time to complete the deposition and to file a dispositive motion. Docket No. 44. Plaintiff has not responded to the Motion for Sanctions and thus has offered no explanation for his refusal to answer questions regarding the lawsuit he brought against the Defendants in this matter.

## ANALYSIS

Rule 37(d) of the Federal Rules of Civil Procedure allows that the Court . . . may, on motion, order sanctions if . . . a party. . . fails after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d). Even if the party objects to the deposition they are not excused from attending a properly notice deposition unless "the party failing to act has a pending motion for protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

In the event a discovery violation has occurred, the Court has discretion in deciding which sanctions listed under Rule 37(b)(2)(A) are appropriate. However, under the rule 37(d)(3) the Court, instead of or in addition to those sanctions "must require the party failing to act . . . to pay the reasonable expenses including attorney fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Under Rule 41(b) of the Federal Rules of Civil Procedure a Defendant may move to dismiss an action or a claim against it if the Plaintiff fails to prosecute or comply with the Rules of Civil Procedure or Court orders. Fed. R. Civ. P. 41(b). The decision whether to do so lies within the discretion of the trial court. When exercising that discretion courts should consider the following factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action. *Carpenter v. City of Flint*, 723 F. 3d 700, 704 (6th Cir. 2013).

In the instant case, Plaintiff's refusal to answer questions related to the lawsuit he brought is the functional equivalent of failing to appear for the deposition. Therefore, the matter is properly analyzed under Rules 37 and 41 of the Fed. R. Civ. P. Because Plaintiff has failed to respond to the motion, he has not provided any explanation for his refusal to participate by answering questions regarding his claims. Likewise, there is nothing in the transcript of the deposition establishing his reasons for his refusal apart from the assertion that if Defendants' lawyer refused to answer his questions he refused to answer the lawyer's questions. Docket No. 44-1. Thus, it appears that Plaintiff's refusal to answer questions and participate in the deposition was willful.

While the Court does not condone Plaintiff's conduct and strongly admonishes him that such conduct will not be tolerated in this action going forward, dismissal is not the appropriate remedy at this time. Plaintiff is proceeding pro se in this matter, is not learned in the law and it is not clear from the record to what extent he understood his obligations as a deponent or potential consequence of not participating. The transcript establishes that Plaintiff has never given a deposition before, been sued or brought any other civil lawsuits other than the instant proceeding.

Docket No. 44-12. The transcript does not establish that Plaintiff was advised that he was required to answer these questions under the Rules or that his failure to do so could result in sanctions including the dismissal of his lawsuit. Docket No. 44-1. Likewise, counsel did not seek the assistance of the Court to provide such an admonishment of the Plaintiff in this action. While the Court does not fault defense counsel for not taking these actions, they simply establish that Plaintiff may not have understood his obligations or been aware or advised of the potential consequences for his failure to participate.

While it is true that Defendants would be prejudiced by having to proceed in this action without the benefit of Plaintiff's deposition and they have expended resources to obtain the deposition as required by the rules yet have been unable to do so because of Plaintiff's conduct; the Court does not believe that dismissal is the only available remedy and it is appropriate to consider less drastic sanctions than dismissal. The Court further notes that this matter has not been set for trial and the Court has indicated that it would establish new deadlines after ruling on Defendants' motion for sanctions that would allow Defendants to complete any necessary discovery and file any dispositive motions they wished. Docket No. 46.

For these reasons, Defendants' Motion for Sanctions (Docket No. 44) is GRANTED in part. If Defendants wish to take Plaintiff's supplemental deposition, they will be allowed to do so. They should file the motion for leave as required by the Federal Rules of Civil Procedure to schedule Plaintiff's deposition at a time convenient to them and the institution where Plaintiff is housed. As required by Rule 37(d)(3) Plaintiff shall pay the reasonable expenses including attorney's fees caused by his failure to participate in the deposition. Those fees shall include the court reporter's per diem and other expenses associated with the deposition apart from the transcript as well as counsel's expenses associated with traveling to and from the deposition and

4

Case 1:18-cv-00015   Document 47   Filed 04/22/19   Page 4 of 5 PageID #: 175

attorney's fees incurred for that travel time. Defendants shall submit a petition for attorneys' fees and expenses incurred in the event they wish to take Plaintiff's supplemental deposition within fourteen days after the deposition. Plaintiff may file any opposition to the amount of fees and expenses sought within fourteen days after the petition is filed. Defendants may file a reply within seven days thereafter.

Plaintiff is specifically advised and admonished that under the Federal Rules of Civil Procedure he has a duty to attend and participate in a properly noticed deposition. He must provide responsive answers to the questions asked unless there is a good faith basis not to do so. Other than for clarification, Plaintiff may not ask questions of the lawyer conducting the deposition. Plaintiff is specifically forewarned that his failure to cooperate in the conduct of his deposition could result in the dismissal of this action.

**IT IS SO ORDERED**.

_____
**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**