UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

GREGORY D. DOUGLAS,                    )
                                       )       Case No. 1:18-0015
V.                                     )       Judge Campbell/Frensley
                                       )
DAMON HININGER, et al.,                )
                                       )

## MEMORANDUM OF SUPPORT FOR PLAINTIFF'S OPPOSITION TO THE MOTION FOR JUDGMENT ON THE PLEADINGS AND OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT

Comes now Plaintiff, Gregory Douglas, submit the following memorandum of law in support of my contemporaneously filed motion in opposition to Defendants' motions for Judgement on the Pleadings and Summary Judgment.

### BACKGROUND

On October 2, 2016, I, Plaintiff Gregory Douglas, was an inmate being housed at the South Central Correctional Facility (SCCF) which is owned by Defendant CoreCivic. On October 2, 2016, CoreCivic employees, Officer Christopher Martinez (Martinez) and Officer Joseph Froio entered my housing area to transport me using racially charged verbally abusive language. A physical altercation ensued. (PSUMF; 1). After the physical altercation, Officer Martinez and Officer Froio commanded me to be lay on the floor to which I complied and they shackled my hands behind my back. (PSUMF; 2) . They then proceeded to mace me continuously. (PSUMF; 3). I was already lying flat on the floor, but the aforementioned officers still used excessive force by continuously spraying my face with mace. (PSUMF; 4).

Moments later Officer Doreen Trafton (Trafton), Officer Brandon Bowers (Bowers), Lieutenant Michael Ward (Ward) arrived to aid in transporting me. Bowers immediately slammed my head into a brick wall. (PSUMF; 5). While transporting me to a secluded area, Trafton spewed profanity and urged the other Officers to give me payback for the earlier physical altercation (PSUMF; 6). After she incited the physical violence, Ward and Bowers took me to secluded area and punched my body multiple times with closed fists. They kicked me countless of time as well. The entire time I was on the ground compliant with my hands shacked behind my back (PSUMF; 7). Captain Inman and other unknown officers joined in the beating as well. (PSUMF; 8). This constituted excessive force. (PSUMF; 9). As a result of the unnecessary physical force, I sustained multiple bruises and contusions to my face and body which continuously affect me to the present day (PSUMF; 10). See attached pictures. There was not a nurse present when they took me to the secluded area. (PSUMF; 11). Due to my bad injuries the nurse could not treat me when she arrived after the severe beating. (PSUMF; 12). However, due to my severe injuries, she sent me to Wayne County Hospital, an independent medical facility. (PSUMF; 13). I made multiple of grievances against all known officers, CoreCivic, and all named Defendants. (PSUMF; 14). See attached grievance documentation. Once transferred to another facility, I made more grievances that were sent to SCCF but personnel refused to respond to the grievances. (PSUMF; 15). I exhausted all of the remedies and had no other choice but to file this instant lawsuit for relief. (PSUMF; 16).

## STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the

pleadings." In considering such a motion, a court must "construe the complaint in the light most favorable to plaintiff, accept all of the complaint's factual allegations as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of his claim[s] that would entitle him to relief." Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 512 (6th Cir. 2001); Mixon v. State of Ohio, 193 F.3d 389, 400 (6th Cir. 1999).

Rule 56(a) of the Federal Rules of Civil Procedure states that "the court shall grant summary judgment if the movant shows that there is no genuine issue dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court must consider all evidence in the light most favorable to the non-moving party, and "resolve all reasonable doubts in favor of the non-moving party." Earley v. Champion Int'l, 907 F.2d 1077, 1080 (11th Cir. 1990).

Rule 56(d) of the Federal Rules of Civil Procedure governs the rules when facts are unavailable to the nonmovant party. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: defer considering the motion or deny it, allow time to obtain affidavits or declarations or to take discovery, or issue any other appropriate order.

## LAW AND AUTHORITY

The Court should deny Defendants' motion for judgment on the pleading because my complaint states a claim upon relief can be granted. The court should deny the Defendant's motion for summary judgment in the alternative because there is a genuine issue of material facts presented in this action.

### I.    OPPOSITION TO ANY OFFICIAL CAPACITY CLAIMS MUST FAIL

Defendants attempt to argue that official capacity claims against individual defendants are really claims against the defendant corporation using case law that is not all relevant to my claim. Defendants fail to mention that all the officers in the named suit can be sued in their individual capacity. 42 U.S.C. § 1983 allows damages to be assessed against any "person" who "under color of state law" deprives someone of federal constitutional rights. All government employees are "persons" under § 1983 and can be sued for anything they do at work that violates clearly established constitutional rights. Hafer v. Melo , 502 U.S. (1991).

The Supreme Court has said that § 1983's language means that only those who actually cause the loss of constitutional rights can be required to pay money for the loss. Monell v. Department of Social Services , 436 U.S. 658 (1978). It is well settled, that the U.S. Supreme Court has held that employees of privately owned and operated prisons are not entitled to qualified immunity from suit. Specifically, in the 6th circuit, the Court of Appeals for the sixth circuit held that guards employed by private, for profit prisons were not entitled to assert a qualified immunity defense to 42 U.S.C. § 1983 suits for money damages. McKnight v. Rees, 88 F.3d 417 (6th Cir. 1996).

In the named suit, Bowers, Trafton, Martinez, Froio were all guards of SCCF, a private owned prison action that serves a public function. All named Defendants participated in the deprivation of my federal constitutional rights by participating in the beating and use of excessive force. (See Plaintiff Declaration). Martinez and Froio mace me continuously after I was on the floor compliant. (PSUMF; 3). Trafton incited the physical violence by encouraging the other officer to beat me. (PSUMF; 16). Bowers and Ward slammed my head in the wall, punched and kicked me and pulled my hair. (PSUMF; 7). Therefore, they are not immune from this action and are correctly named in this suit.

## II.     PLAINTIFF PLEAD SUFFICIENT FACTS TO ESTABLISH A
## CONSTITUTIONAL CLAIM AGAINST CORECIVIC

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 92 S. Ct 594, 30 L. Ed. 2d 652 (1972). Defendants attempt to make a claim that my complaint lacked sufficient facts to establish a constitutional claim against CoreCivic which, but this claim must fail. My amended complaint alleges that CoreCivic improperly trained their employees and failed to properly investigate citizens complaints. See amended complaint. This is the short-plain statement of the claim needed to show that I am entitled to relief.

CoreCivic formerly known as Corrections Corporation of America is a private prison that operated the SCCY facility. For liability under 42 U.S.C. § 1983, I must prove the deprivation of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. Flagg Bros., Inc., v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 56 L.Ed.2d 185 (1978). Because CoreCivic performs a traditional state function in operating a state prison, CoreCivic acts under the color of state law. Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir.1996). However, unlike the state, CoreCivic is not entitled to Eleventh Amendment immunity and may be liable under § 1983 "if its official policies

or customs resulted in injury to the plaintiff." O'Brien v. Mich. Dep't of Corr., 592 Fed. Appx. 338, 341 (6th Cir. 2014); see also Mason v. Doe, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right").

CoreCivic has policies and customs that causes the deprivation of the 8th Amendment. There is a high turnover rate that cripples the corporation from properly training employees. Moreover, the company does not give appropriate continuous training to their employees. Many times the employees escalate matters instead of deescalating based on improper training. This has been witnessed by me and many other inmates, former inmates, and employees. There are numerous of former inmates willing to testify to the guards using excessive force without repercussions or investigation. I can testify to witnessing guards using excessive force on other inmates as well. (PSUMF 17). In my case, I was abused to the point that I had to be sent out to an outside medical facility. (PSUMF 18). CoreCivic never investigated the prison guards that participated in my severe beating nor answered to investigation requests from RMSI grievance Chairperson (See Response of Supervisor of Grievances). While CoreCivic's policy on paper CoreCivic encourages guards, staff, and officials to turn the other cheek. This is customary for CoreCivic institutions.

CoreCivic also has a customary practice of not investigating citizen's complaints. (PSUMF 19). When excessive force is used against inmates and other 8th amendment violations, outside citizens (usually family members and friends) call to CoreCivic to report the matters, but those calls are left unreturned. I have witnesses that can testify to many calls placed to CoreCivic regarding the use of excessive force by guards, captains, and lieutenants that have been

unanswered. In CoreCivics failure to appropriately respond to complaints of excessive force, they are a part of the wrongdoing.

Moreover, the Defendant is attempting to the delay the trial. Defendants argue that my complaint does not allege sufficient facts although this lawsuit has been with the Court for years. This is merely a colorful scheme to delay the court.

### III.    PLAINTIFF EXHAUSTED ADMINISTRATIVE REMEDIES

Defendants argue that I did not exhaust all of my administrative remedies under the Prison Litigation Reform Act (PLRA), but this argument fails. I have filed multiple of grievances on all parties involved including Bowers and Trafton. See Plaintiff declaration. SCCF tried numerous of times to thwart my attempts to file grievances. Officials used many different excuses including alleging that my handwriting was illegible in attempt to cover their actions. (PSUMF; 20). Once transferred to another institution, I was able to work with different officials that sent my grievances to SCCF, but SCCF failed to respond. (PSUMF; 21). See attached Grievance Documentation. Due to their lack of response, I was able to have a hearing on the matter. I filed proper and appropriate grievances all the way through the TDOC Commissioner's Office; thus, properly exhausting my administrative remedies. (PSUMF; 22). See attached grievances. Therefore, summary judgment in not appropriate on this matter.

Defendants supplied an affidavit from Brenda Pevahouse (Pevahouse) who declared that she is currently employed by CoreCivic as the Grievance chairperson (DSUMF;). Her affidavit doesn't allege that she was the Chairperson doing the relevant time related to my action. Nor does Pevahouse have any personal knowledge of the handling of my grievances by SCCF officials. Pevahouse's affidavit declares that she simply reviewed the database to see what grievances were filed and attempts to say that SCCY as a whole followed Tennessee Department

of Correction grievance policy. However, the officials that handled my grievances constantly returned them as illegible although I have easily read handwriting. Moreover, once moved to another facility, they failed to respond to any grievances I filed against CoreCivic and its employees (PSUMF; 20-1).

Defendants' motion states that the PLRA requires "proper exhaustion." However, there is nothing in the language or legislative history of the PLRA's history that supports a `total exhaustion' requirement." *Cooper v. Garcia,* 55 F.Supp.2d 1090, 1094 (S.D.Ca.1999). Moreover, I filed multiple grievances against the Defendants, and every known party involved in the incident, and CoreCivic. The officials handling my grievances thwarted my claims. They constantly returned my grievances giving me multiple excuses to which I constantly attempted to correct to no avail. Moreover, they refused to acknowledge many of my grievances frustrating the process. While I was incarcerated at Riverbend Maximum Security Institute (RMSI), the Grievance Chairperson, sent investigation paperwork to SSCF multiple times. They failed to acknowledge or respond (See Response of Supervisor of Grievances). There was never a proper investigation and I appealed the matter all the way to the TDOC Commissioner's Office. Federal courts have previously held that allegations that efforts to exhaust were frustrated by prison officials raised an issue of material fact whether plaintiff exhausted "available" remedies. See Johnson v. True, 125 F. Supp. 2d (W.D. Va., 2000). Federal courts have also held that a prisoner who filed a grievance that never received a response and was told that it was never received and whose subsequent attempts were rejected as untimely had exhausted administrative remedies because he was prevented from complying with the exhaustive requirements. See Brookins v. Vogel 2006 WL3437482, *3 (E.D.Cal., 2006). For these aforementioned reasons, the record that

Pevahouse refers to in her record does not permit a conclusion that the remedies were not exhausted.

Moreover, at this time, the Court is the only remedy I have. Defendants' know that the time limit to file grievances are long gone, and this is an attempt to circumvent justice. Defendants' motion for summary judgment on this matter must be denied because I have exhausted all of my administrative remedies.

## IV.    PLAINTFF SUFFERED A CONSTITUTIONAL DEPRIVATION

Defendants violated my 8th Amendment Constitutional Right. The 8th Amendment forbids cruel and unusual punishment. In Hudson v. McMillian, 503 U.S. 1 (1992), the Supreme Court found a violation of the 8th Amendment when prison officials punched and kicked a prisoner, leaving him with minor bruises, swelling of his face and mouth, and lose teeth. The Court found that the guard's use of force violated the 8th Amendment when it is not applied "in a good faith effort to maintain or restore discipline" but instead is used to maliciously and sadistically cause harm.

Bowers, Trafton, Martinez, Froio and everyone involved were all prison officials. All named Defendants participated in the deprivation of my 8th Amendment constitutional right by participating in the beating and using excessive force (See Plaintiff Declaration). Martinez mace me continuously after I laid on the floor compliant while Froio encouraged him while using racial obscenities (PSUMF; 3-4). Trafton incited the physical violence by encouraging the other officer to beat me after I complied to all orders. (PSUMF; 5). Although she did not physically use force, law enforcement officers may be liable for their failure to intervene when others enforcement officers are excessive force when she had the means to stop it and knew that excessive force was being used. Not only did she know that excessive force was being used, she

encouraged it. (PSUMF; 6). A police officer may be held liable for failure to intervene during the application of excessive force when the officer observed or had reason to know that excessive force would be or was being used and the officer had the opportunity and means to prevent the harm from occurring. Goodwin v. City of Painesville, 781 F.3d 314, 328 (6th Cir. 2015).

Bowers and Ward and other CoreCivic employees slammed my head in the wall, punched and kicked me, and pulled my hair continuously while I was compliant with my hands cuffed behind my back. (PSUMF; 7). I was left bloody and swollen with multiple physical abrasions and bruises to my body and face. I have permanent scars on my face from their use of excessive force. (PSUMF; 23). My face and body did not look like this before the incident. See attached photos. I still suffer physically, mentally, and emotionally. See Plaintiff Declaration. Due to the seriousness of my injuries, I was rushed to Wayne County Hospital to receive outside medical attention (PSUMF; 24). I had multiple injuries that evidence their actions showed deliberate indifference and the use of excessive force. See Hudson v. McMillian, 503 U.S. 1 (1992).

Defendants' motion makes blanket statements claiming that they did not use excessive force. (See Defendants' Declarations). Their positions are conclusory. Never did any Defendant describe their actions or the tactics they used and why it did not constitute excessive force. They merely claim that their use of force was necessary. They are not qualified to make blanket statements as such. This is a question for the jury and the essence of this lawsuit. The issue is whether they violated my federal constitutional rights. Based on the facts presented, the jury could reasonably rule that the Defendants violated my 8th Amendment rights. Defendants' include multiple assertions that I had a homemade weapon; however, no weapon was ever involved in this entire incident which clear by Defendants own statement of undisputed fact. Although, I have not been able to order the transcript to include as an exhibit at this time,

Defendants' took my deposition and know that I'm alleging excessive force and constitutional federal rights violations. Therefore, there are genuine issue of material facts from which a jury could conclude that excessive force was used and my rights were indeed violated.

## V. DUE TO MY INCARCERATION, I AM NOT ENTITLED TO THE SAME PRIVILEGES AS DEFENDANTS

Rule 56(d) of the Federal Rules of Civil Procedure governs the rules when facts are unavailable to the nonmovant party. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: defer considering the motion or deny it, allow time to obtain affidavits or declarations or to take discovery, or issue any other appropriate order.

Being the named Plaintiff in the case, I know that I have the burden of proof. However, due to me being incarcerated, my means are limited. The video from the date of the incident would clearly show the excessive forced used against me. However, I have been denied the privilege to obtain copies due to being incarcerated. See Plaintiff Declaration. If your Honor could issue an appropriate order to secure the footage of the video. Even without the video, there are genuine issue of material facts from which a jury could conclude that excessive force was used. k

## VI. DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS AND/OR MOTION FOR SUMMARY JUDGEMENT ARE FRIVOLOUS

Defendants' motions presented are frivolous and meritless. My amended complaint adequately alleges sufficient facts. Defendants are relying on their own statements as evidence for a motion for summary judgment. This is disputed by my own declaration, state of undisputed material facts, photos of my injuries, and grievance documentation attached. Defendants' counsel

previously took my deposition and know based on the interaction that I dispute the allegations set forth Defendants' motion. Yet, he is portraying to the Court that the Material Facts are undisputed.

## CONCLUSION

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully request this Honorable Court to deny Defendants' motions for Judgement on the Pleadings and Summary Judgment.

This  13  day of March, 2020.

Gregory Douglas

## PLAINTIFF GREGORY DOUGLAS' DECLARATION

1. Bowers, Trafton, Martinez, Froio were all guards of SCCF, a private owned prison action that serves a public function. All named Defendants participated in the deprivation of my federal constitutional rights by participating in the beating and use of excessive force.

2. There was an initial physical altercation between Martinez, Froio, and I. However, after the altercation I complied and laid on the floor and put my hands behind my back. I was then handcuffed.

3. After the initial physical altercation with Froio and Martinez, I remained compliant never resisted, pulled away, never posed any immediate threat, or inflicted any form of physical contact with any CoreCivic officer, guard, or official. Nor did I pose an immediate threat to myself.

4. Martinez mace me continuously after I laid on the floor compliant while Froio encouraged him while using racial obscenities and profanity.

5. Trafton aided in transport to the secluded area and incited the physical violence by encouraging the other officer to beat me after I complied with all orders.

6. Bowers purpose was never to take over the transportation. He immediately approached and rammed head in wall out of pod door. Injuries were shown in pictures.

7. The guards purposefully took me to a secluded area to beat me. I heard their conversations amongst each other. Moreover, they directed statements toward me indicating their intent.

8. I was never told to get on the floor. I was beat to the floor by the present officers.

9. Lieutenant Ward, Captain Inman, Officer Trafton, Officer Bowers, and Officer Froio were all present while I was getting beaten.

10. Other unknown officers participated in the use of excessive force.

11. The officers punched me, kicked me, pulled my hair, and slammed my head into the wall

12. I had to be treated by Wayne County Hospital, and outside medical facility due to the severity of my injuries.

13. I requested my medical records and was told that they were sent to the court in July 2018.

14. I sustained multiple injuries to my face and body including abrasions, bruises, scars on my nose and black eyes. I still am affected by this brutal beating physically, mentally, and emotionally. I have permanent scarring.

15. The video from the date of the incident would clearly show the excessive forced used against me. However, I have been denied the privilege to obtain copies due to being incarcerated.

16. I have filed multiple of grievances on all parties involved including Bowers and Trafton.

17. I have exhausted my administrative remedies.

18. I have witnesses that can testify to CoreCivic's wrongdoings and customary use of excessive force on inmates.

19. I have witnesses that can testify to CoreCivic not investigating citizen complaints on excessive force.

   I declare under the penalty of perjury that the foregoing is true and correct.

20. Ward absolutely used more force than necessary because I was compliant the entire time.

21. Bowers absolutely used more force than necessary because I was compliant the entire time.

22. SCCF does not follow the policy. They actually hinder the policy.

23. I cannot speak to what is given to every inmate.

24. I cannot speak to the exact requirements without documentation from policies from 2016.

25. SCCF hinders the process of appropriately filing grievances.

26. Pevahouse's declaration did not mention all of my grievances filed.

27. CoreCivic did not properly train their employees. This incident involved corrections officers, lieutenants, and captains. This is a hierarchy that shows that CoreCivic use of excessive force is customary and the company participates in wrongdoing.

28. CoreCivic never investigated my complaints nor questioned the officers involved. The company encourages employees to turn the other check.

29. CoreCivic ignores citizen's complaints. They never return calls from citizens concerned about the use of excessive force.


I declare under the penalty of perjury that the foregoing is true and correct.

This __13__ day of March, 2020.

Gregory Douglas










"Medical Department Nurse Voss"

**TENNESSEE DEPARTMENT OF CORRECTION**
**INMATE INQUIRY - INFORMATION REQUEST**

Due to the seriousness of my ___ T.S. ___ to Wayne County Hospital for outside medical attention

**INSTITUTION**

Gregory Douglas

**INMATE NAME (Please Print)**        458144

**INMATE NUMBER**

UNIT: 2        ROOM / BED: C - 3        DATE: 8-2-18

ROUTED TO: ☐ Unit Manager ☐ Inmate Relations Coordinator (IRC) ☐ Counselor ☐ Job Coordinator

1. Inmate Inquiry/Request:

   Respectfully I have Legal Matters and the courts are asking for a copy of my medical records, pictures, or video y'all have on file for Oct. 2, 2016 — Oct 30 2016 And a copy of the medical records from the last time I went to Special Needs in 2018 concerning

2. Action by Counselor/IRC:

   The Head Trauma from the bullet fragment Xrays and all. I'm on a time schedule I have 14 days to get this material to the courts. Thanks for you time and efforts . . .

   _____        _____
   **COUNSELOR / IRC SIGNATURE**        **DATE**

3. Action by Record Office:

   The attorney or court officials will either need to subpoena the records or have you sign a release of information form & sent it to us requesting the records. Thank you. I checked with medical records and the records have already been sent.
   Natalie Voss HSA        8/7/18        Thank you!
   **RECORD'S OFFICE STAFF SIGNATURE**        **DATE**
   (They were sent in July 2018)

4. Sentence Management Service (SMS) Response:

   _____
   _____
   _____
   _____
   _____

   _____        _____
   **SMS STAFF SIGNATURE**        **DATE**

Case 1:18-cv-00015        Document 56        Filed 03/23/20        Page 18 of 50 PageID #: 260



**TENNESSEE DEPARTMENT OF CORRECTION**
**INMATE GRIEVANCE**

RECEIVED
OCT 26 2018
BY:



Reg/off

Gregory Douglas          458144          WTSP 1A13
        NAME                    NUMBER              INSTITUTION & UNIT

DESCRIPTION OF PROBLEM: I filed a Title VI Grievance in regards of the excessive force that took place at S.C.C.F on 10-2-16 at Riverbend Maximum Security Institute

REQUESTED SOLUTION: Asking that I get to Process my Title VI all the way threw the administrative Process to the Commissioner due to it being wrongfully closed -

_____          10-21-18
Signature of Grievant                         Date

═══════════════════════════════════════════════════

*TO BE COMPLETED BY GRIEVANCE CLERK*

2018-296/329767          10-26-18          _____
Grievance Number          Date Received          Signature Of Grievance Clerk

INMATE GRIEVANCE COMMITTEE'S RESPONSE DUE DATE: _____

AUTHORIZED EXTENSION: _____          _____
                        New Due Date                Signature of Grievant

═══════════════════════════════════════════════════

**INMATE GRIEVANCE RESPONSE**

Summary of Supervisor's Response/Evidence: Please refer to CK3148

Chairperson's Response and Reason(s): level I Acknowledged

DATE: 10-31-18          CHAIRPERSON: Sgt. L. Parker

Do you wish to appeal this response? ✓ YES          _____ NO

If yes:     Sign, date, and return to chairman for processing within five (5) days of receipt of first-level response.

X Inmate Signed
_____          1-24-19          _____
        GRIEVANT                           DATE                    WITNESS
On Grievance Clerk

Distribution Upon Final Resolution:

     White - Inmate Grievant     Canary – Warden     Pink – Grievance Committee     Goldenrod – Commissioner (if applicable)



**TENNESSEE DEPARTMENT OF CORRECTION**

**INMATE GRIEVANCE**        (continuation sheet)

DESCRIPTION OF PROBLEM: It was processed they sent it to South Central Correctional Institute Facility two times South Central failed to acknowledge the Title VI and didnt even respond which they have a history of. So Cpl B. McClure RMSI Grievance Chairperson took it upon himself to process the grievance and closed the Title VI on 11/2/17 without giving me a chance to exhaust my administration process. Saying I failed to appeal in five days. However I had been shipped from that institution to Northeast the to W.T.S.P where I'm currently housed. Cpl McClure RMSI Grievance Chairperson said he sent the appeal to W.T.S.P Grievance Chairperson asking if I wanted to appeal however it wasnt never bout to me at W.T.S.P cause I surely would of Appealed all the way threw due to me having Legal Matters in this incident. And if it was sent down here and it wast bout to me in a timely manner that not my fault. All I'm asking is my due process be respected and I get to Appeal my Title VI all the way to the commisoner Respectfully and In a timely manner

958144

10-21-18

Case 1:19-cv-00013 Document 56 Filed 03/23/20 Page 20 of 50 PageID #: 262



# TENNESSEE DEPARTMENT OF CORRECTION

## RESPONSE OF SUPERVISOR OF GRIEVED EMPLOYEE OR DEPARTMENT

DATE: 12/18/2018

Please respond to the attached grievance, indicating any action taken.

Date Due: **10/31/2018**

| 208-296/329767 | Gregory Douglas | 458144 |
|---|---|---|
| Grievance Number | Inmate Name | Inmate Number |

In accordance to Policy 501.01 VI C.1 your grievance has been deemed inappropriate to the grievance procedure.

Grievances must be filed within seven (7) calendar days of the occurrence giving rise to the grievance.

| | |
|---|---|
| SIGNATURE | 1/11/2019 |
| | DATE |

White - Inmate Grievant    Canary- Warden    Pink- Grievance Committee    Goldenrod - Commissioner

CR-3148 (Rev. 3-00)                                                                                    RDA2244

 Department of
**Correction**

MEMO

| | | |
|---|---|---|
| **To:** | Gregory Douglas, #458144 | Unit/Location: |
| **From:** | Cpl. C. Taylor, RMSI Grievance Chairperson | |
| **Date:** | December 17, 2018 | |
| **Subject:** | **Inappropriate Grievance Notification** | |
| **Grievance:** | 0-WTSP-18296/00329767 | |

Your grievance has been deemed inappropriate to the grievance procedure.
Grievances must be filed within seven (7) calendar days of the occurrence giving rise to the grievance.(501.01 VI. C.1)

Department of Correction * Riverbend Maximum Security Institution * 7475 Cockrill Bend
Blvd. * Nashville, TN 37243 * 615-350-3361 * tn.gov/Correction
Case 1:18-cv-00015   Document 56   Filed 03/23/20   Page 22 of 50 PageID #: 264



**TN** Department of
**Correction**

### TENNESSEE DEPARTMENT OF CORRECTION
### INAPPROPRIATE GRIEVANCE NOTIFICATION

**To:**       **Gregory Douglas, #458144**          **Unit/Location:**

**From:**    **Cpl. C. Taylor, RMSI Grievance Chairperson**

**Date:**    **December 17, 2018**

**Subject:**  **Inappropriate Grievance**

---

**This grievance is inappropriate to the grievance procedure.** Your grievance is being returned to you for one or more of the following reasons:

1. Disciplinary matters are inappropriate to the Grievance Procedure. [Policy #501.01 VI.(H)(1)]
2. Appealing decisions or actions of any agency outside the Tennessee Department of Correction (TDOC) is inappropriate to Grievance Procedure. [Policy #501.01 VI.(H)(2)]
3. Classification matters/institutional placement are inappropriate to Grievance Procedure. [Policy #501.01 VI.(H)(3)]
4. Appealing or seeking review of sentence credits. [Policy #501.01 VI.(H)(4)]
5. Grievance Procedure cannot award monetary compensation for injuries or property loss. [Policy #501.01 VI.(H)(5)]
6. Addressing questions regarding sentence structures. [Policy #501.01 VI.(H)(6)]
7. Visitor's behavior which results in disciplinary action. [Policy #501.01 VI.(H)(7)]
8. A diagnosis by medical professionals and medical co-pay is inappropriate. [Policy #501.01 VI.(H)(8)]
9. Security Threat Group (STG) Placement. [Policy #501.01 VI.(H)(9)]
10. Mail rejection. [Policy #501.01 VI.(H)(10)]
11. You have already filed a grievance on this issue. Inmates shall not be permitted to submit more than one grievance arising out of the same or similar incident. [Policy #501.01 VI.(I)(1)]
12. Abuse of Grievance Procedure. You can only have one grievance pending at Level 1 for review. [Policy #501.01 VI.(I)(2)]
13. Profanity, insults, and racial slurs, unless an alleged direct quote of another party, shall not be permitted. Threats may result in disciplinary action. [Policy #501.01 VI.(I)(3)]
14. Grievances must be filed within seven calendar days of the occurrence giving rise to the grievance. A complaint shall not address multiple issues. [Policy #501.01 VI.(C)(1)]

---

**This grievance is unable to be processed due to you not following policy.** Grievance forms not properly completed or containing insufficient information for processing shall be returned to the inmate with instructions as to proper completion. [Policy #501.01 VI.(C)(1)] Your grievance is being returned to you for the following reason(s):

1. No specific details (i.e. dates, times, names of persons involved as mandated in *Inmate Grievance Handbook*, Page 7, First Level of Review).
2. You did not: a) Sign and date, and or b) state your "Requested Solution".
3. Grievance shall be submitted on Form CR-1394 pages 1 and 2. All copies must be legible and in tact. [Policy #501.01 VI.(C)(1)]
4. _____

---

**REMINDER:** You have seven (7) calendar days *FROM THE DATE THE INCIDENT OCCURRED* to submit a grievance. If you are still interested in filing this grievance, please make the necessary corrections and return to grievance office for further processing immediately. *If you would like to appeal this response, sign the bottom of your grievance, check "yes" then date it and place (with this coversheet) back in the grievance box.* If you have any questions regarding this memo, please have your Unit Officer contact me at Ext. #### to schedule an appointment. TDOC Policies and Procedures are available in the library.

                                    **Cpl. C. Taylor, Grievance Chairperson, RMSI**

CR 3689                          Duplicate as Needed                          RDA 2244


**Department of Correction**

# MEMO

**TO:** Grievance Chairperson at: _RMSI_

**FROM:** Sgt. Kristi Parker, WTSP Grievance Chairperson

**DATE:** _11-8-18_

**SUBJECT:** _Gregory Daylas 458144_

**Grievance:** _2018-296/329762_

# RECEIVED

### DEC 0 3 2018

**RIVERBEND MAXIMUM
SECURITY INSTITUTION
OFFICE OF WARDEN**

☐ The enclosed grievance has been deemed inappropriate or unable to be processed.
Please allow the inmate to appeal the grievance or make necessary changes.
Please forward the grievance back to WTSP for further processing.

☐ Please allow the inmate to review the grievance(s) and sign to appeal or resolve on the CR-1393
If Resolving: Have the inmate to sign the CR-1393 and check NO. Please return all copies to WTSP.
If Appealing: Have the inmate to sign the CR-1393 and check YES. Please return all copies to WTSP for
further processing.

☐ Please allow the inmate to review the grievance(s) and sign to appeal or resolve on the Title VI appeal
Form
If Resolving: Have the inmate to sign and date portion highlighted in blue.
If Appealing: Have the inmate to write a brief statement and sign/date the area highlighted in yellow.
Please return all copies to WTSP for further processing.

☐ Please forward the attached white copies to the inmate.

☑ The inmate has filed the above grievance here at WTSP in reference to your facility. Please process the
enclosed grievance(s) through Level II and return to WTSP for further processing.

☐ _____
_____
_____
_____

_Sgt. K. Parker_

Sgt. Kristi Parker, Grievance Chairperson

West Tennessee State Penitentiary • P.O. Box 1150 • Henning, TN 38041 Nashville, TN 38041 •
Tel: 731-738-5044 • Fax: 731-738-5052 • tn.gov/correction
Case 1:18-cv-00015  Document 56  Filed 03/23/20  Page 24 of 50 PageID #: 266



**TO:** *BMSI Grievance Supervison*

**FROM:** Sgt. Kristi Parker, WTSP Grievance Chairperson

**DATE:** *10-26-18*

**SUBJECT:** Inmate Grievance *2018-2916 / 329707*

Inmate *Gregory Douglas 458144* has filed the attached grievance against your department/employee(s).

Pursuant to TDOC Policy 501.01, the chairperson shall review all grievances and forward those to the supervisor of the employee, or department involved in the grievance for a signed written response on the CR-3148 form. The supervisor shall return his/her signed response to the chairperson within **three (3) working days.**

Attached is a copy of the CR-3148 form. Please return your signed response to the Grievance Office on **Site 2** by *10-31-18*.

*Sgt. K. Parker*

Sgt. Kristi Parker, Grievance Chairperson

---

West Tennessee State Penitentiary • P.O. Box 1150 • Henning, TN 38041•Nashville, TN
38041 • Tel: 731-738-5044 • Fax: 731-738-5052 • tn.gov/Correction
Case 1:18-cv-00015   Document 56   Filed 03/23/20   Page 25 of 50 PageID #: 267

 Department of
**Correction**

MEMO

| | | |
|---|---|---|
| **To:** | Gregory Douglas, #458144 | Unit/Location: 3D110 |
| **From:** | Cpl. B. McClure, RMSI Grievance Chairperson | |
| **Date:** | September 21, 2017 | |
| **Subject:** | **Title VI Appeal Notification** | |
| **Grievance:** | 17-0003/00310859 | |

**Title VI #:** T6-17-4621    **Title VI Inst:** RMSI

The Central Office Title VI Coordinator has ruled your grievance Non-Title VI. If you wish to appeal this decision to the Commissioner please follow the below instructions.
If appealing, please fillout this form and return to the Grievance Office.

Per TDOC Policy #501.01, Inmate Grievance Procedure, (K) Additional Procedures Applicable to Title VI Grievances:

"... All appeals must be submitted within five working days upon notification; the inmate shall specify the reason for the appeal. The grievance number must be included on all documentation submitted to Central Office for review or appeal."

**Do you wish to appeal:** Yes: _____ No: __X__

_grievant failed to return for appeal_

_closed 11/2/17_

| **Signature** | **Number** | **Date** |
|---|---|---|

Department of Correction • Riverbend Maximum Security Institution • 7475 Cockrill Bend
Blvd. • Nashville, TN 37243 • Tel: 615-350-3100 • tn.gov/Correction



TITLE VI                        D. C. C. F
                                Staff

**TENNESSEE DEPARTMENT OF CORRECTION**

**INMATE GRIEVANCE**



All copies are
legible and intac
Policy 501.1

Gregory Douglas         458144      R.M.S.I    3
NAME                    NUMBER      INSTITUTION & UNIT

DESCRIPTION OF PROBLEM: On 10-2-16 I was housed in Sky lab
S/co Tafner came to my door and told me to pack
I was moving to another cell. I asked her where she

REQUESTED SOLUTION: I want incompatibles put on the staff
involved and I want this matter investigated and I wa
the officers reprimanded and suspended without pay

_____                    12-22-16
Signature of Grievant                            Date

==============================================================

TO BE COMPLETED BY GRIEVANCE CLERK

17-003/00310859          1/10/17          _____
Grievance Number         Date Received    Signature Of Grievance Clerk

INMATE GRIEVANCE COMMITTEE'S RESPONSE DUE DATE: _____

AUTHORIZED EXTENSION: _____
                      New Due Date              Signature of Grievant

==============================================================

**INMATE GRIEVANCE RESPONSE**

Summary of Supervisor's Response/Evidence: _See CR-3886_

_____

_____

Chairperson's Response and Reason(s): _____

_____

_____

DATE: _____    CHAIRPERSON: _____

Do you wish to appeal this response? _____ YES    _____ NO

If yes:  Sign, date, and return to chairman for processing within five (5) days of receipt of first-level response.

_____        _____        _____
GRIEVANT               DATE                   WITNESS

Distribution Upon Final Resolution:
White – Inmate Grievant    Canary – Warden    Pink – Grievance Committee    Goldenrod – Commissioner (if applicable)

CR-1394 (Rev. 3-00)                Page 1 of 2                RDA 2244

litle VI   J.C.C.F   Staff





**TENNESSEE DEPARTMENT OF CORRECTION**
**INMATE GRIEVANCE**   (continuation sheet)

All copies are
legible and intac
Policy 501.0

DESCRIPTION OF PROBLEM: it doesnt matter pack up. So a hour o
so later S/co Martinez and C/o Froio come to my d
and tell me come on. So I'm thinking I'm going to
another cell in Skylab cause I've been housed in Segregat
for 6 months on R.C.A due to me being incompatible with
inmates on S.C.C.F compound. So as I'm coming out
I ask the co's where I'm going they tell me Gemini
A Pod on the compound. I tell them no I'm not yall kn
I have problems on the compound and I got a right
to personal safety under due process The Eight Amen
ment. I hear S/to Martinez and c/o Froio talking saying
he been back here months he gone get his punk as
out of here now come on yal moving. So I end up
in a physical altercation with S/co martinez and c/o Fro
they made me and I lay on the ground and let them
handcuff me to the back. As I'm on the ground in hand
Martinez is spraying me constantly while saying you bl
motherfucker c/o Froio saying yeah spray that black mother f
I'm in compliance. I'm not resisting so by now back u
officers come Lt. Ward and S/co Trafner come and I'm la
on the floor in Skylab C pod in compliance for about 3 to 5
minutes. Then they get me up and walk me out the
pod took me in a small room in Skylab core area while stil
in restraints handcuffs to the back I hear them say no
its his time, then they start repeatedly beating my fa
and head against the wall, Pulling my hair, bending my arm
and throwing from the floor to the ground while kicking
and punching me repeatedly. I'm in a bloody mess by no
So I head the nurse come in and say hey get him to
medical! So I open my eyes to see who all it was
I see Captain Inman, Lt Ward, S/co Trafner, co Bowers, and
c/o Froio. They all cabcasian and I'm African American and I
they showed extreme racial discrimination against me and
violated my due process and used Excessive Force against
me. I was rushed to Wayne County Hospital due to
the injuries then came back and put in the suicide
tank. I want this matter investigated. Mr. Gregory Doigk

12-22-16

```
LIBG                           GRIEVANCE              DATE:  11/03/17
BI42K40                    DESCRIPTION DETAIL          TIME:  10:47 AM

TOMIS ID:  00458144   DOUGLAS, GREGORY D.
   Status:  ACTV     Sex:  M     Race:  B     Age:  27    Location:  WTSP

   Grievance ID:  00310859   Site:  RMSI   RIVERBEND MAXIMUM SECURITY INSTITUT
      Category:   REG  REGULAR - STANDARD
Grievance Type:   SST  SECURITY STAFF                  Title VI Complaint:  Y
   Signed Date:  12/22/2016
      Log Date:  01/10/2017      Institution Log Number:   17-0003
Grieved Against:  HALLAP01
Grievance Text:  GRIEVANT CLAIMS THAT CAUCASIAN SECURITY STAFF ASSAULTED
      HIM AND SENT HIM OUT TO AN OUTSIDE HOSPITAL.



   Posted By:  RUSSBR04  MCCLURE, BRANDI            Date:  01/10/2017
NEXT FUNCTION:            DATA:
F1-HELP      F6-NEXT      F9-QUIT      F10-REFRESH  F11-SUSPEND
```

```
LIBG                           GRIEVANCE                    DATE:  11/03/17
BI42K40                  SITE COORDINATOR DETAIL            TIME:  10:47 AM

TOMIS ID:  00458144   DOUGLAS, GREGORY D.
   Status:  ACTV      Sex:  M     Race:  B    Age:   27     Location:  WTSP

   Grievance ID:  00310859    Category:  REG  REGULAR - STANDARD
Grievance Type:  SST  SECURITY STAFF                 Title VI Complaint:  Y
      Log Date:  01/10/2017   Institution Log Number:   17-0003
Site Coordinator Response Date Due:   01/18/2017   Actual:  05/15/2017
 Chairperson Notification Date Due:   01/19/2017   Actual:  05/15/2017
 Action Taken:                                     Date:
   Deemed Title VI by Site Coord.:   N
Referral to Central Offc. Date Due:   02/01/2017   Actual:  05/16/2017
Comments:
   DEEMED NON-TITLE VI PER SITE COORDINATOR



   Posted By:  RUSSBR04  MCCLURE, BRANDI           Date:  07/13/2017
NEXT FUNCTION:          DATA:
F1-HELP      F5-PREVIOUS  F6-NEXT      F9-QUIT      F10-REFRESH  F11-SUSPEND
F12-CREATE
```

```
LIBG                           GRIEVANCE                  DATE:  11/03/17
BI42K40                   CENTRAL OFFICE DETAIL           TIME:  10:46 AM

TOMIS ID:  00458144   DOUGLAS, GREGORY D.
  Status:  ACTV     Sex:  M     Race:  B     Age:   27     Location:  WTSP

  Grievance ID:  00310859    Category:  REG   REGULAR - STANDARD
Grievance Type:  SST  SECURITY STAFF              Title VI Complaint:  Y
   Log Date:  01/10/2017   Institution Log Number:   17-0003
Referral to Central Offc. Date Due:  02/01/2017   Actual:  05/16/2017
  Central Office Response Date Due:   03/09/2017   Actual:  09/20/2017
   Central Office Tracking Number:  T6-17-4621     Substantiated by C.O.:  N
  Action Taken:  R  RESOLVED                  Date:  11/02/2017
  Appeal to Commissioner Date Due:  03/16/2017   Actual:
Comments:
  GRIEVANCE RESOLVED DUE TO GRIEVANT'S FAILURE TO PARTICIPATE IN THE
  GRIEVANCE PROCESS


  Posted By:  RUSSBRO4  MCCLURE, BRANDI          Date:  11/03/2017
NEXT FUNCTION:        DATA:
F1-HELP      F5-PREVIOUS  F6-NEXT      F9-QUIT      F10-REFRESH  F11-SUSPEND
F12-CREATE
SUCCESSFUL MODIFICATION
```



Department of **Correction**

**MEMO**

**To:** Grievance Chairperson/WTSP

**From:** Riverbend Maximum Security Institution
RMSI Grievance Chairperson, Cpl. C. Taylor
7475 Cockrill Bend Blvd.
Nashville, TN 37243

**Subject:** RMSI Internal Grievance Number 0-WTSP-18296 TOMIS Grievance Number 00329767

**Date:** January 15, 2019

☐ Please allow inmate _____ to review the enclosed grievance(s) and sign for either appeal or resolving on form CR-1393/1394. If appealing, have inmate sign, on form CR-1393/1394, checking "YES" and return all copies to RMSI for further processing. If resolving, have inmate sign, on form CR-1393/1394 checking "NO" and return all copies to RMSI. We will return originals to the inmate.

☐ Inmate _____ has filed the above mentioned grievance(s) here at RMSI in reference to your institution. PLEASE PROCESS ENCLOSED GRIEVANCE(S) THROUGH LEVEL II with an "in absentia" hearing, as well as a response from the Warden and RETURN BACK TO RMSI FOR FURTHER PROCESSING no later than _____.

☐ Inmate _____ filed the above mentioned grievance(s) at your institution. The enclosed Grievance(s) have been processed through Level II. We are returning these grievance(s) at this time for further processing.

☐ Please forward to inmate _____ the enclosed original white copies and all paperwork related to the above mentioned grievance(s).

☐ Please forward to inmate _____ the enclosed notice(s) to the above mentioned grievance(s).

☑ We are returning inmate _Gregory Douglas, #458144_ grievance(s) at this time for further processing.

☐ Inmate _____ filed an inmate request to the grievance chairman at _____ . Please respond & send back to _RMSI_ .

☐ Please allow inmate _____ to review the enclosed Title VI notice from the TDOC Title VI Coordinator _Brandon Watwood, AWT, Title VI Site Coordinator_ and sign to appeal and return all copies back to _RMSI_ .

Department of Correction * Riverbend Maximum Security Institution * 7475 Cockrill Bend Blvd. * Nashville, TN 37243 * 615-350-3361 * tn.gov/Correction

Case 1:18-cv-00015   Document 56   Filed 03/23/20   Page 32 of 50 PageID #: 274



Menu  Favorites  Tools  Other Applications  Reports  Help  PROD

*eTomis*

Links ▼    Suspend ☐

**Grievance**

TOMIS ID  00458144  Douglas, Gregory D.

Status  ACTV  Location WTSP

Reset key fields

Inquire
Refresh
Modify
Delete

**Description**  Site Coordinator  Central Office  Commissioner

Grievance ID  00310859  Site  RMSI  Riverbend Maximum Security Institut

Category  REG  Regular - Standard

Grievance Type  SST  Security Staff

Signed Date  12/22/2016    Title VI Complaint  Yes  ☑

Log Date  01/10/2017    Institution Log Number  17-0003

Grieved Against  HALLAP01

Grievance Text  GRIEVANT CLAIMS THAT CAUCASIAN SECURITY STAFF ASSAULTED
HIM AND SENT HIM OUT TO AN OUTSIDE HOSPITAL.

Posted By  RUSSBR04 Mcclure, Brandi    Date  01/10/2017

FastPath ☐  Go





eTomis

Links ▾    Suspend ☐    Go

Menu  Favorites  Tools  Other Applications  Reports  Help    PROD

## Grievance

TOMIS ID  00458144   Douglas, Gregory D.    Status   ACTV  Location  WTSP

Reset key fields

Inquire
Refresh
Modify
Delete

Description    Site Coordinator    Central Office    Commissioner

Grievance ID  00310859                          Category   REG  Regular - Standard

Grievance Type  SST  Security Staff             Title VI Complaint  Y

Log Date  01/10/2017                            Institution Log Number  17-0003

Referral to Central Offic. Date Due  02/01/2017    Actual  05/16/2017

Central Office Response Date Due  03/09/2017       Actual  20170920

Central Office Tracking Number  T6-17-4621         Substantiated by C.O  N

Action Taken  R ▸ Resolved                         Date  20171102

Appeal to Commissioner Date  03/16/2017            Actual

Comments

GRIEVANCE RESOLVED DUE TO GRIEVANT'S FAILURE TO PARTICIPATE IN THE
GRIEVANCE PROCESS

Posted By   RUSSBR04  Mcclure, Brandi            Date   11/03/2017

FastPath _____  Go

 Department of
Correction

# MEMO

Inmate Name: _____ Gregory Douglas _____ TDOC Number: ___458144_____

Institution: _____ RMSI _____ TOMIS Grievance Number: _310589_

Title VI Tracking Number: __T6-17-4621_

**Level II-Title VI Coordinator's Response and Reasons:**

Upon receipt and review of the *Title VI Grievance #310589*, a determination was made that inmate Douglas' (#458144) contention of a Title VI violation could not be substantiated. Inmate Douglas (#458144) fails to support his allegation of discriminatory treatment prohibited by the three protective classes (race, color, and national origin) under the Title VI-Civil Rights Act of 1964 as it is related to being denied participation in, or denied benefits of any program or activity.

However, there was no evidence found to substantiate that discriminatory treatment was practiced or that any policy violations occurred.

☑ **Concur with Associate/Assistant Warden** ☐ **Concur with Supervisor** ☐ **Remedy**

_____09/20/17_____ _____
Date Vashti Holt, TDOC Title VI Coordinator

Department of Correction • 6th Floor Rachel Jackson Building • 320 Sixth Avenue North •
Nashville, TN 37243 • Tel: 615-253-8155 • Fax: 615-532-8281 • tn.gov/Correction


TN Department of
Correction

**To:** Carolyn Jordan, AWT – Title VI Site Coordinator

**From:** Cpl. B. McClure, RMSI Grievance Chairperson

**Date:** January 10, 2017

**Subject:** **Title VI Grievance**

**Grievance:** 17-0003/00310589

Inmate **Gregory Douglas, #458144** has filed the attached as a Title VI Grievance. I'm forwarding it to your office to determine as to whether or not it meets the established criteria for being deemed a Title VI Complaint under the Civil Rights Act of 1964.

Please return this memorandum with your determination marked below to my office for further processing.

(X) Deemed NOT TO BE a Title VI Grievance.

You did not substantiate your claim of Title VI discrimination. You failed to provide any evidence that establishes you were discriminated against as a result of your race, color, or national origin.

( ) Deemed TO BE a Title VI Grievance.

Signed: _____
Title VI Coordinator

Date: 5/15/2017

Department of Correction • Riverbend Maximum Security Institution • 7475 Cockrill Bend
Blvd. • Nashville, TN 37243 • Tel: 615-350-3100 • tn.gov/Correction

# West Tennessee State Penitentiary

**Grievant:** Gregory Douglas 458144

**Date of Hearing: 1/30/2019**

**Grievance Number: 2019-296/329767**

## Committee Members

**Staff: Napelon Richardson**

**Staff: Jennifer Easley**

**Inmate: Robert Skillen**

**Inmate: Richard Chase**

**Witnesses:**

**Chairperson: Kristi Parker, Chairperson**

**Inmate Clerk: N/A**

## Hearing Summary

Grievance Chairperson Kristi Parker read the grievance and the supervisor's response.

## Board Response

For this to be looked into further. Sgt. Parker did bring him the Title VI appeal. He did appeal the grievance to level III.



**TENNESSEE DEPARTMENT OF CORRECTION**
**INMATE GRIEVANCE RESPONSE**

Gregory Douglas _____ 458144 _____ WTSP 1A13 _____ 2018-2916/339916
NAME _____ NUMBER _____ INSTITUTION & UNIT _____ GRIEVANCE NUMBER

Summary of Evidence and Testimony Presented to Committee _Please refer to the minutes_

Inmate Grievance Committee's Response and Reasons _For this to be looked into further, Sgt. Pauler did bring him the Title VI appeal. He did appeal the grievance to level III_

_1-30-19_ _____ _Sgt. A. Pauler_ _____ _____
DATE _____ CHAIRMAN _____ MEMBER

_____ _____ _____
MEMBER _____ MEMBER _____ MEMBER

Warden's Response:    Agrees with Proposed Response    ☑    Due 2-8-19

Disagrees with Proposed Response    ☐

If Disagrees, Reason(s) for Disagreement _Send copies of all of this to wardens at_
_both SCCF & RMSI._

Action Taken: _____

DATE: _3/5/19_    WARDEN'S SIGNATURE: _Jonath Lit_ , Warden

Do you wish to appeal this response? _____ YES _____ NO

If yes:  Sign, date, and return to chairman for processing.  Grievant may attach supplemental clarification of issues or rebuttal/reaction to previous responses if so desired.

_____ _3-22-19_ _____
GRIEVANT _____ DATE _____ WITNESS

Commissioner's Response and Reason(s): _____

_____

_____

_____
DATE _____ SIGNATURE

Distribution Upon Final Resolution:

White - Inmate Grievant    Canary – Warden    Pink – Grievance Committee    Goldenrod - Commissioner

CR-1393 (Rev. 3-01) Case 1:18-cv-00015   Document 56   Filed 03/23/20   Page 39 of 50 PageID #: 291 RDA 2244



757

**TENNESSEE DEPARTMENT OF CORRECTION**
**INMATE GRIEVANCE RESPONSE**

Gregory Douglas    458144    WTSP 1A13    2018-296/39976
NAME              NUMBER    INSTITUTION & UNIT    GRIEVANCE NUMBER

Summary of Evidence and Testimony Presented to Committee _Please refer to the minutes_

Inmate Grievance Committee's Response and Reasons _For this to be looked into further, Sgt. Parker did bring him the Title VI appeal. He did appeal the grievance to level III_

1-30-19          Sgt. J. Parker
DATE             CHAIRMAN                              MEMBER

MEMBER          MEMBER                                 MEMBER

Warden's Response:    Agrees with Proposed Response    ☑    Due 2-8-19

Disagrees with Proposed Response    ☐

If Disagrees, Reason(s) for Disagreement _Send copies of all of this to Wardens at both SCCF & RMSI._

Action Taken: _____

DATE: 3/5/19        WARDEN'S SIGNATURE: _Jonath W_    Warden

Do you wish to appeal this response?    _____ YES    _____ NO

If yes:    Sign, date, and return to chairman for processing. Grievant may attach supplemental clarification of issues or rebuttal/reaction to previous responses if so desired.

GRIEVANT        3-22-19        WITNESS
                DATE

Commissioner's Response and Reason(s): _____

RECEIVED

MAR 27 2019

TDOC Operations                        SIGNATURE
DATE

Distribution Upon Final Resolution:
    White - Inmate Grievant    Canary – Warden    Pink – Grievance Committee    Goldenrod - Commissioner

CR-1393 (Rev. 3-00)

797



TN Department of
Correction

# MEMO

Inmate Name: _Gregory Douglas_  TDOC Number: _458144_

Institution: _WTSP_  Housing Unit: _14 13_

Institution Grievance Number: _2018-296_  TOMIS Grievance Number: _325762_

Commissioner's Response and Reasons:

☑ Concur with Warden  ☐ Concur with Supervisor  ☐ Appeal Denied

_4-3-19_
Date  _Lee Dotson_  Acting Assistant Commissioner of Prisons

TP-1A

Department of Correction • 6th Floor Rachel Jackson Building • 320 Sixth Avenue North •
Nashville, TN 37243 • Tel: 615-253-8180 • Fax: 615-253-1668 • tn.gov/Correction



# TENNESSEE DEPARTMENT OF CORRECTION

## RESPONSE OF SUPERVISOR OF GRIEVED EMPLOYEE OR DEPARTMENT

DATE: 4/13/18

Please respond to the attached grievance, indicating any action taken.

Date Due: 4-11-18

2018-118/324514
**Grievance Number**
O-WTSP-118

Gregory Douglas
**Inmate Name**

458144
**Inmate Number**

One 12-22-16 filed a Title VI Grievance. This grievance was processed on 1-10-17 (due to holiday schedule) Investigation paperwork was sent to SCCF for ~~recom~~ a response. This was done multiple times. The grievance was deemed Non-Title-VI by Site Title VI Coordinator Carolyn Jordan. Then forwarded to TDOC Title VI Coordinator Vashti Holt on 5/15/17. Ms Holt returned it on 9/20/17 and it was sent to WTSP for Appeal. (9/21/17 again on 10/02/17) Due to the time frame the Grievance was resolved due to the Grievant not Returning the appeal w/ the specified reason in the alotted time frame. Per Policy 501.01 (K).

_____
SIGNATURE

4-13-18
DATE

White – Inmate Grievant    Canary – Warden    Pink – Grievance Committee    Goldenrod – Commissioner

CR-3148 (Rev 3-00)

RDA 2244

Case 1:18-cv-00015   Document 56   Filed 03/23/20   Page 42 of 50 PageID #: 234
Case 1:18-cv-00015   Document 34   Filed 11/05/18   Page 8 of 12 PageID #: 127

 **TN** Department of **Correction**

# MEMO

**TO:** RMSI Chairperson Supervisor

**FROM:** Sgt. Kristi Parker, Grievance Chairperson

**DATE:** 4-6-18

**SUBJECT:** Inmate Grievance Number 2018-118/324514

Inmate Gregory Douglas 458144 ____ has filed a grievance against your department/employees.

Pursuant to TDOC Policy 501.01, the chairperson shall review all grievances and forward those to the supervisor of the employee, or department involved in the grievance for a signed written response on the CR-3148 form. The supervisor shall return his/her signed response to the chairperson within **three (3) working days.**

Attached is a copy of the CR-3148 form. Please return your signed response to the grievance chairperson Site 2 by 4-11-18 .

Thank You for your cooperation.

Sgt. K. Parker

Sgt. Kristi Parker, Grievance Chairperson

CC:File

---

West Tennessee State Penitentiary • P.O. Box 1150 • Henning, TN 38041•Nashville, TN 38041
• Tel: 731-738-5044 • Fax: 731-738-5052 • tn.gov/Correction



**TENNESSEE DEPARTMENT OF CORRECTION**
**INMATE GRIEVANCE** **(continuation sheet)**

DESCRIPTION OF PROBLEM: it doesn't matter pack up. So a hour or so later S/co Martinez and C/o Froia come to my ce and tell me come on. So I'm thinking I'm going to another cell in Skylab cause I've been housed in Segregat for 6 months on R.C.A due to me being incompatible with inmates on S.C.C.F compound. So as I'm coming out I ask the co's where I'm going they tell me Gemini A Pod on the compound. I tell them no I'm not yall knu I have problems on the compound and I got a right to personal safety under due process The Eight Amend ment. I hear S/co Martinez and C/o Froio talking saying he been back here months he gone. get his punk ass out of here now come on you moving. So I end up in a physical altercation with S/co Martinez and c/o Froi they made me and I lay on the ground and let them handcuff me to the back. As I'm on the ground in hand Martinez is spraying me constantly while saying you bla Motherfucker c/o Froio saying yeah spray that black mother f I'm in compliance. I'm not resisting so by now back u officers come Lt. Ward and S/co Trafner come and I'm la on the floor in Skylab C pod in compliance for about 3 to 5 minutes. Then they get me up and walk me out the pod took me in a small room in Skylab core area while still in restraints handcuffs to the back. I hear them say na its his own time, then they start repeatedly beating my fac and head against the wall. Pulling my hair, bending my arm and throwing from the floor to the ground while kicking and punching me repeatedly. I'm in a bloody mess by no So I hear the nurse come in and say hey get him to Medical! So I open my eyes to see who all it was I see Captain Inman, Lt Ward, S/co Trafner, co Bowers, and c/o Froio. They all caucasian and I'm African American and I they showed extreme racial discrimination against me and violated my due process and used Excessive Force against me. I was rushed to Wayne County Hospital due to the injuries then came back and put in the suicide tank. I want this matter investigated. Mr. Gregory Dougla

12-22-16



**TENNESSEE DEPARTMENT OF CORRECTION**

<u>**INMATE GRIEVANCE**</u>     **(continuation sheet)**

DESCRIPTION OF PROBLEM: and exhaust all my admistrative remedies by appealing to the commissoner. R.M.S.I Grievance Chairperson Cpl B. McClure improperly closed on 11/2/17 saying I didn't submit my appeal in 5 days. when the appeal was sent to my old location R.M.S.I Unit 3 D - 110. when I been gone from there about 11 months transfered to W.T.S.P Can this matter be investigated and may my Grievance proceed.

Mr. Gregory Douglas

4-5-18

*Emergency Grievance*

**TENNESSEE DEPARTMENT OF CORRECTION**

**INMATE GRIEVANCE**

Gregory Douglas    458144    W.T.S.P 2C3
_____NAME_____    _____NUMBER_____    INSTITUTION & UNIT

DESCRIPTION OF PROBLEM: I sent a Title VI Grievance on 12-22-16 out at R.M.S.I However my Grievance was closed without me being able to file.

REQUESTED SOLUTION: May this matter be properly investigated and may my Grievance process proceed. Respectfully...

_____Signature of Grievant_____    4-5-18
                                   _____Date_____

==========================================================

*TO BE COMPLETED BY GRIEVANCE CLERK*

2018-118/324514    4-6-18    _____
Grievance Number    Date Received    Signature Of Grievance Clerk

INMATE GRIEVANCE COMMITTEE'S RESPONSE DUE DATE: _____

AUTHORIZED EXTENSION: _____
                       New Due Date    Signature of Grievant

==========================================================

**INMATE GRIEVANCE RESPONSE**

Summary of Supervisor's Response/Evidence:
Please refer to CR3148

Chairperson's Response and Reason(s): level I Response acknowledged

DATE: 4-17-18    CHAIRPERSON: Sgt. K. Parker

Do you wish to appeal this response? _____ YES _____ NO

If yes: Sign, date, and return to chairman for processing within five (5) days of receipt of first-level response.

Appealed by Chairperson 4-27-18    _____
GRIEVANT    DATE    WITNESS

Distribution Upon Final Resolution:

White – Inmate Grievant    Canary – Warden    Pink – Grievance Committee    Goldenrod – Commissioner (if applicable)

CR-1394 (Rev. 3-00)    Page 1 of 2    RDA 2244

TITLE VI                                D.C.C.F
                                            Staff



**TENNESSEE DEPARTMENT OF CORRECTION**

**INMATE GRIEVANCE**

All copies are
legible and intac
Policy 501.c

Gregory Douglas        458144        R.M.S.I  3
        NAME                NUMBER              INSTITUTION & UNIT

DESCRIPTION OF PROBLEM: On 10-2-16 I was housed in Sky lab
S/CO Tofner came to my door and told me to pack c
I was moving to another cell. I asked her where she

REQUESTED SOLUTION: I want incompatibles put on the staff
involved and I want this matter investigated and I wan
the officers reprimanded and suspended without pay

_____        12-22-16
        Signature of Grievant                        Date

═══════════════════════════════════════════════════════

TO BE COMPLETED BY GRIEVANCE CLERK

17-00   e0310859        1/10/17        _____
    Grievance Number        Date Received        Signature Of Grievance Clerk

INMATE GRIEVANCE COMMITTEE'S RESPONSE DUE DATE: _____

AUTHORIZED EXTENSION: _____        _____
                        New Due Date                Signature of Grievant

═══════════════════════════════════════════════════════

**INMATE GRIEVANCE RESPONSE**

Summary of Supervisor's Response/Evidence: ___ See C.R - 3886

_____

Chairperson's Response and Reason(s): _____

_____

_____

DATE: _____        CHAIRPERSON: _____

Do you wish to appeal this response?  _____ YES    _____ NO

If yes:  Sign, date, and return to chairman for processing within five (5) days of receipt of first-level response.

_____        _____        _____
    GRIEVANT                    DATE                    WITNESS

Distribution Upon Final Resolution:
    White - Inmate Grievant    Canary – Warden    Pink – Grievance Committee    Goldenrod – Commissioner (if applicable)

CR-1394 (Rev. 3-00)                Page 1 of 2                                RDA 2244
Case 1:18-cv-00015  Document 56  Filed 03/23/20  Page 47 of 50 PageID #: 289
Case 1:18-cv-00015  Document 34  Filed 11/05/18  Page 11 of 12 PageID #: 130



# MEMO

Inmate Name: _____Gregory Douglas_____ TDOC Number: __458144_____

Institution: _____RMSI_____ TOMIS Grievance Number: _310589_ 17-0003

Title VI Tracking Number: _T6-17-4621_

## Level II-Title VI Coordinator's Response and Reasons:

Upon receipt and review of the *Title VI Grievance #310589*, a determination was made that inmate Douglas' (#458144) contention of a Title VI violation could not be substantiated. Inmate Douglas (#458144) fails to support his allegation of discriminatory treatment prohibited by the three protective classes (race, color, and national origin) under the Title VI-Civil Rights Act of 1964 as it is related to being denied participation in, or denied benefits of any program or activity.

However, there was no evidence found to substantiate that discriminatory treatment was practiced or that any policy violations occurred.

☑ **Concur with Associate/Assistant Warden** ☐ **Concur with Supervisor** ☐ **Remedy**

<u>09/20/17</u>
Date

Vashti Holt, TDOC Title VI Coordinator

Department of Correction • 6ᵗʰ Floor Rachel Jackson Building • 320 Sixth Avenue North •
Nashville, TN 37243 • Tel: 615-253-8155 • Fax: 615-532-8281 • tn.gov/Correction



Department of
**Correction**

# MEMO

**To:** Carolyn Jordan, AWT - Title VI Site Coordinator

**From:** Cpl. B. McClure, RMSI Grievance Chairperson

**Date:** January 10, 2017

**Subject:** Title VI Grievance

**Grievance:** 17-0003/00310589

Inmate    Gregory Douglas, #458144    has filed the attached as a Title VI Grievance. I'm forwarding it to your office to determine as to whether or not it meets the established criteria for being deemed a Title VI Complaint under the Civil Rights Act of 1964.

Please return this memorandum with your determination marked below to my office for further processing.

(X)   Deemed NOT TO BE a Title VI Grievance.

You did not substantiate your claim of Title VI discrimination. You failed to provide any evidence that establishes you were discriminated against as a result of your race, color, or national origin.

(   )   Deemed TO BE a Title VI Grievance.

Signed: _____      Date: 5/15/2017
Title VI Coordinator

Department of Correction • Riverbend Maximum Security Institution • 7475 Cockrill Bend Blvd. • Nashville, TN 37243 • Tel· 615-350-3100 • tn.gov/Correction



Mr. Gregory D. Douglas 458144
W.T.S.P
P.O. Box 1150
Henning, TN 38041

RECEIVED

MAR 23 2020

U.S. District Court
Middle District of TN

LEGAL
MAIL

Clerk, U.S. District Court
800 U.S. Courthouse
Nashville, TN 37203

Official Business
LEGAL MAIL

OUTGOING
MAR 17 2020
WTSP
MAIL