094-225-00

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| GREGORY D. DOUGLAS, | ) |
| | ) |
| v. | ) No. 1:18-cv-00015 |
| | ) Judge Campbell/Frensley |
| DAMON HININGER, et al., | ) |

___

DEFENDANTS' REPLY STATEMENT TO PLAINTIFF'S
"STATEMENT OF UNDISPUTED FACTS" [D.E. 58]
___

Defendants CoreCivic, Brandon Bowers, and Doreen Trafton ("Defendants"), by and through counsel, reply to Plaintiff's "Statement of Undisputed Facts" [D.E. 58] as follows:

1. On October 2, 2016, CoreCivic employees, Officer Christopher Martinez (Martinez) and Officer Joseph Froio entered my housing area to transport me using racially charged verbally abusive language. A physical altercation occurred.

   **Response:** Defendants object to Statement No. 1, as it contains multiple purported "facts" and is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objections, Defendants do not dispute that Martinez and Froio entered Skylab Unit ("Skylab") in an attempt to escort Plaintiff on October 2, 2016. Defendants additionally do not dispute that Plaintiff assaulted Martinez and Froio on said date, and as a result of said actions, Plaintiff was charged with and entered a guilty plea as to disciplinary infractions of "assault staff – without weapon[n]." [D.E. 53, ¶¶ 5-11; D.E. 57, ¶¶ 5-11]. The remaining allegations are disputed but immaterial, as Christopher Martinez has not been named in this matter, and to the best of Defendants' knowledge, Joseph Froio has not been served in this matter.

2. After the physical altercation, Officer Martinez and Officer Froio commanded me to be lay on the floor to which I complied and they shackled my hands behind my back.

   **Response:** Defendants object to Statement No. 2, as it contains multiple purported "facts"

and is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objections, Defendants do not dispute that Martinez and Froio gave Plaintiff multiple commands during the physical altercation, that Plaintiff temporarily complied with the orders of Martinez and Froio, and that said officers were ultimately able to properly place restraints on Plaintiff.

3. They then proceeded to mace me continuously.

    **Response:** Defendants object to Statement No. 3, as it is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objection, disputed but immaterial, as Christopher Martinez has not been named in this matter, and to the best of Defendants' knowledge, Joseph Froio has not been served in this cause. Further, Plaintiff has failed to submit any proper summary judgment evidence to support these conclusory allegations.

4. I was already lying flat on the floor, but the aforementioned officers still used excessive force by continuously spraying my face with mace.

    **Response:** Defendants object to Statement No. 4, as it contains multiple purported "facts" and is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objection, disputed but immaterial, as Christopher Martinez has not been named in this matter, and to the best of Defendants' knowledge, Joseph Froio has not been served in this cause. Further, Plaintiff has failed to submit any proper summary judgment evidence to support these conclusory allegations.

5. Moments later Officer Doreen Trafton (Trafton), Officer Brandon Bowers (Bowers), Lieutenant Michael Ward (Ward) arrived to aid in transporting me. Bowers immediately slammed my head into a brick wall.

    **Response:** Defendants object to Statement No. 5, as it contains multiple purported "facts" and is not supported by a specific citation to the record as required by Local Rule 56.01.

Without waiving said objections, undisputed that Defendant Trafton, Defendant Bowers, and Michael Ward responded to the physical assault on Martinez and Froio by Plaintiff and that said officers attempted to escort Plaintiff. [D.E. 53, ¶¶ 5, 18; D.E. 57, ¶¶ 5, 18]. Defendants dispute the remaining allegations, as Plaintiff has failed to submit proper summary judgment evidence to support his assertions. Specifically, Plaintiff makes no such allegations – "Bowers immediately slammed my head into a brick wall" – within his Complaint [D.E. 1, PageID #: 8], within his Motion to Amend Petition [D.E. 11], or within the documentation submitted in support of his Response, which was purportedly signed on December 22, 2016. [D.E. 56, PageID #: 270].

6. While transporting me to a secluded area, Trafton spewed profanity and urged the other Officers to give me payback for the earlier physical altercation.

    **Response:** Defendants object to Statement No. 6, as it contains multiple purported "facts" and is not supported by a specific citation to the record as required by Local Rule 56.01. Defendants further object to these allegations as Plaintiff has failed to submit proper summary judgment evidence to support his assertions. Without waiving said objections, disputed, as Plaintiff makes no such allegations within his Complaint [D.E. 1, PageID #: 8], within his Motion to Amend Petition [D.E. 11], or within the documentation submitted in support of his Response, which was purportedly signed on December 22, 2016. [D.E. 56, PageID #: 270].

7. After she incited the physical violence, Ward and Bowers took me to a secluded area and punched my body multiple times with closed fists. They slammed my head to the wall. They pulled my hair. They kicked me countless of time as well. The entire time I was on the ground compliant with my hands shacked behind my back.

    **Response:** Defendants object to Statement No. 7, as it contains multiple purported "facts" and is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objections, disputed, as Plaintiff has failed to submit proper summary

judgment evidence to support his conclusory assertion.

8. Captain Inman and other unknown officers joined in the beating as well.

    **Response:** Defendants object to Statement No. 8, as it is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objection, disputed but immaterial, as Captain Inman and/or "unknown officers" have not been named in this matter and as Plaintiff has failed to submit proper summary judgment evidence to support his conclusory assertion.

9. The officers involved in the beating used excessive force.

    **Response:** Defendants object to Statement No. 9, as it is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objection, disputed, as Plaintiff has failed to submit proper summary judgment evidence to support his conclusory assertion.

10. As a result of the unnecessary physical force, I sustained multiple bruises and contusions to my face and body which continuously affect me to the present day.

    **Response:** Defendants object to Statement No. 10, as it contains multiple purported "facts" and is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objections, Defendants do not dispute that Plaintiff sustained an injury as a result of the physical altercations that he caused on October 2, 2016. Defendants dispute that any of Plaintiff's injuries were caused by "unnecessary physical force," as Plaintiff has failed to submit any proper summary judgment evidence to support his conclusory assertion.

11. There was not a nurse present when they took me to the secluded area.

    **Response:** Defendants object to Statement No. 11, as it is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objections, disputed but immaterial, as Plaintiff was admittedly seen by a nurse on October 2, 2016.

12. Due to my bad injuries the nurse could not treat me when she arrived after the severe beating.

   **Response:** Defendants object to Statement No. 12, as it is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objections, disputed but immaterial, as Plaintiff was admittedly seen by a nurse on October 2, 2016, and subsequently escorted to the primary medical facility at SCCF. [*See* D.E. 53, ¶ 36; D.E. 56, ¶ 36].

13. However, due to my severe injuries, she sent me to Wayne County Hospital, an independent medical facility.

   **Response:** Defendants object to Statement No. 13, as it contains multiple purported "facts" and is not supported by a specific citation to the record as required by Local Rule 56.01. Further, Defendants object to Plaintiff's attempt to offer expert medical testimony concerning the severity of any injuries that he may have sustained on October 2, 2016. Without waiving said objections, undisputed that Plaintiff was transported to the Wayne County Medical Center on October 2, 2016.

14. I made multiple of grievances against all known officers, CoreCivic, and all named Defendants.

   **Response:** Defendants object to Statement No. 14, as it contains multiple purported "facts" and is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objections, it is undisputed that Plaintiff did not file proper grievances relating to his claims in this matter. To that extent, Plaintiff has now submitted documentation that confirms that he failed to properly exhaust his administrative remedies concerning any claims which arose on the date of the purported incident – October 2, 2016. [D.E. 56, PageID #: 260-291]. Specifically, within the submitted "Inmate Grievance" form, Plaintiff, on October 21, 2018, while incarcerated at WTSP – a facility not owned or operated by Defendant

CoreCivic, wrote, "I filed a Title VI Grievance in regards of the excessive force that took place at S.C.C.F on 10-2-16 at Riverbend Maximum Security Institute." [D.E. 56, PageID #: 261]. Plaintiff additionally submitted the referenced "Inmate Grievance" form, which he signed on *December 22, 2016*, while incarcerated at R.M.S.I. – a facility not owned or operated by Defendant CoreCivic. [D.E. 56, PageID #: 261]. Notably, it is undisputed that the TDOC Policy requires an inmate to submit a grievance within "seven calendar days of the occurrence giving rise to the grievance." [D.E. 53, ¶ 43; D.E. 57, ¶ 43]. Accordingly, based upon Plaintiff's submitted documents, he failed to file any proper grievances concerning the incident in question within the proper time period, and thus, he failed to properly exhaust his administrative remedies.

15. Once transferred RMSI, I made more grievances that were sent to SCCF but personnel refused to respond to the grievances.

    **Response:** Defendants object to Statement No. 15, as it contains multiple purported "facts" and is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objections, Defendants do not dispute for summary judgment purposes that Plaintiff submitted a grievance while incarcerated at RMSI – a facility not owned or operated by Defendant CoreCivic. Notwithstanding, disputed that Plaintiff filed proper grievances relating to his claims in this matter. [*See* Def. Resp. to P. SUMF No. 14].

16. Trafton incited the physical violence by encouraging the other officer to beat me.

    **Response:** Defendants object to Statement No. 16, as it is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objections, disputed, as Plaintiff makes no such allegations within his Complaint [D.E. 1, PageID #: 8], within his Motion to Amend Petition [D.E. 11], or within the documentation submitted in support of his Response, which was purportedly signed on December 22, 2016. [D.E. 56,

PageID #: 270].

17. I can testify to witnessing guards using excessive force on other inmates as well.

   **Response:** Defendants object to Statement No. 17, as it contains multiple purported "facts" and is not supported by a specific citation to the record as required by Local Rule 56.01. Defendants further object, as Plaintiff has failed to submit any proper summary judgment evidence to support his conclusory assertions.

18. In my case, I was abused to the point that I had to be sent out to an outside medical facility.

   **Response:** Defendants object to Statement No. 18, as it is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objections, undisputed that Plaintiff was transported to the Wayne County Medical Center on October 2, 2016. Defendants dispute that any of Plaintiff's injuries were caused by "abuse," as Plaintiff has failed to submit any proper summary judgment evidence to support his conclusory assertions.

19. CoreCivic also has a customary practice of not investigating citizen's complaints.

   **Response:** Defendants object to Statement No. 19, as it contains multiple purported "facts" and is not supported by a specific citation to the record as required by Local Rule 56.01. Defendants further object as Plaintiff has failed to provide any type of definition of "citizen's complaints." Without waiving objections, Defendants do not dispute that SCCF follows the TDOC Policy that allows inmates to submit a written complaint/grievance concerning the substance or application of a written or unwritten policy or practice, any single behavior or action toward an inmate by staff or other inmates, or any condition or incident within SCCF, which personally affects the inmates. [D.E. 53, ¶ 41]. Notwithstanding, to the extent Plaintiff now complains that he filed grievances about the conditions at the facility yet allegedly

received no relief nor any proper responses, he has no claim for violation of due process, as prisoners do not have a constitutionally protected due process right to an effective grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002).

20. SCCF tried numerous times to thwart my attempts to file grievances. Officials used many different excuses including alleging that my handwriting was illegible in attempt to cover their actions.

    **Response:** Defendants object to Statement No. 20, as it contains multiple purported "facts" and is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objections, disputed that Plaintiff filed proper grievances relating to his claims in this matter. [*See* Def. Resp. to P. SUMF No. 14].

21. Once transferred to another institution, I was able to work with different officials that sent my grievances to SCCF, but SCCF failed to respond.

    **Response:** Defendants object to Statement No. 21, as it contains multiple purported "facts" and is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objections, disputed that Plaintiff filed proper grievances relating to his claims in this matter. [*See* Def. Resp. to P. SUMF No. 14].

22. I filed proper and appropriate grievances all the way through the TDOC Commissioner's Office; thus, properly exhausting my administrative remedies.

    **Response:** Defendants object to Statement No. 22, as it contains multiple purported "facts" and is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objections, disputed that Plaintiff filed proper grievances relating to his claims in this matter. [*See* Def. Resp. to P. SUMF No. 14].

23. I was left bloody with multiple physical abrasions and bruises to my body and face. I have permanent scars on my face from their use of excessive force.

**Response:** Defendants object to Statement No. 23, as it contains multiple purported "facts" and is not supported by a specific citation to the record as required by Local Rule 56.01. Further, Defendants object to Plaintiff's attempt to offer expert medical testimony concerning the permanency of any injuries that he may have sustained on October 2, 2016. Without waiving said objections, Defendants do not dispute that Plaintiff sustained an injury as a result of the physical altercations that he caused on October 2, 2016.

24. Due to the seriousness of my injuries, I was rushed to Wayne County Hospital to receive outside medical attention. I requested my medical records and was told that they were sent to court. I was denied access to them. See attached TDOC Inmate Inquiry: Medical Dept. Nurse Voss.

    **Response:** Defendants object to Statement No. 24, as it contains multiple purported "facts" and is not supported by a specific citation to the record as required by Local Rule 56.01. Without waiving said objections, undisputed that Plaintiff was transported to the Wayne County Medical Center on October 2, 2016. Additionally, Defendants do not dispute for purposes of summary judgment that Plaintiff requested his medical records from personnel at W.T.S.P. – a correctional facility not owned or operated by Defendant CoreCivic, and that said request was denied. Said fact is immaterial to this matter.

>                          Respectfully submitted,
>
>                          PENTECOST, GLENN & MAULDIN, PLLC
>
> By:    s/J. Austin Stokes
>        James I. Pentecost (#11640)
>        J. Austin Stokes (#31308)
>        Attorneys for Defendants
>        106 Stonebridge Boulevard
>        Jackson, Tennessee 38305
>        (731) 668-5995- Telephone
>        (731) 668-7163- Fax

# **CERTIFICATE OF SERVICE**

This is to certify that I served a copy of this pleading (Defendants' Reply Statement to Plaintiff's "Statement of Undisputed Facts" [D.E. 58]) by U.S. mail upon the following:

Gregory Douglas, #458144
West Tennessee State Penitentiary
P.O. Box 1150
Henning, TN 38041

This the 31st day of March, 2020.

                By: <u>s/J. Austin Stokes</u>
                  J. Austin Stokes