# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| GREGORY D. DOUGLAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 1:18-cv-00015 |
| ) | |
| ) | JUDGE CAMPBELL |
| DAMON HININGER, et al., ) | MAGISTRATE JUDGE FRENSLEY |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 63), recommending the Court grant in part and deny in part Defendants' Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment (Doc. No. 51). Defendants have filed a Partial Objection to the Report and Recommendation (Doc. No. 64), and Plaintiff has filed a Response (Doc. No. 65).

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In the Report, the Magistrate Judge recommended dismissal of the official capacity claims against the individual defendants; dismissal of the excessive force claim against Core Civic; and that Plaintiff's excessive force claim against the individual defendants proceed to trial. Defendants argue the Magistrate Judge erred in failing to recommend dismissal of all claims.

First, Defendants object to the Magistrate Judge's conclusion that the Plaintiff properly exhausted his remedies under the Prison Litigation Reform Act. Defendants contend the Court should disregard copies of the grievances filed by Plaintiff as exhibits because they either make no reference to Defendants Bowers or Trafton, or they inadequately describe the incident at issue. The Magistrate Judge referenced in the Report Plaintiff's assertions that the prison does not maintain records of all inmate grievances, including all those he filed about the incident at issue naming Defendants Bowers and Trafton. The Magistrate Judge also fully considered Defendant's arguments as follows:

> The grievance documentation attached to Mr. Douglas's Complaint and Response to Defendant's Motion establishes that Mr. Douglas filed at least four grievances related to the October 2, 2016 incident, the final of which was taken all the way to the Commissioner, who denied the appeal. Docket Nos. 1-2, pp. 1-4; 56, pp.19-23, 26-28, 36-38, 40-42, 46. While Mr. Douglas's initial grievance names only Officers Froio and Martinez, Mr. Douglas's grievance on December 22, 2016 names the aforementioned officers as well as Officers Ward, Trafton, and Bowers. Docket Nos. 1-2, pp. 3-4; 56, pp. 27-28. The exhibits attached by Mr. Douglas indicate that he pursued his grievances consistently from the date of first filing on October 7, 2016 to April 3, 2019. Docket Nos. 1-2, pp. 1-4; 56, pp.19-23, 26-28, 36-38, 40-42, 46. While it is true that Mr. Douglas's first grievance, returned as improper, was the only grievance filed within the seven days required by TDOC policy, the attached documentation shows that Mr. Douglas's final grievance regarding the incident was denied on the merits, rather than for lack of timeliness. Docket No. 56, p. 40.
>
> As Defendants note in their Motion, '[t]he importance of using the prison grievance process is to alert prison officials to specific problems.' Docket No. 52, p. 10, *citing Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). Mr. Douglas

2

> pursued his grievances consistently from the date of first filing on October 7, 2016 to April 3, 2019; certainly, these actions were sufficient to put Defendants and their supervisors on notice of the specific problems Mr. Douglas alleged. Docket Nos. 1-2, pp. 1-4; 56, pp.19-23, 26-28, 36-38, 40-42, 46. Mr. Douglas 'did not attempt to bypass the administrative grievance process detailed above; he affirmatively endeavored to comply with it.' *See Risher*, 639 F.3d at 240. Thus, the Court finds that Mr. Douglas properly exhausted his administrative remedies before bringing his claims to this Court.

(Doc. No. 63, at 17-18) (footnote omitted). The Court agrees with the Magistrate Judge's conclusion that Plaintiff's efforts to comply with the administrative process were sufficient to satisfy the exhaustion requirement. Defendants have failed to establish the Magistrate Judge erred in that regard.

Next, Defendants argue the Magistrate Judge erred in concluding that Plaintiff's filings create a genuine material factual dispute regarding his excessive force claim. Defendants argue the record evidence contradicts Plaintiff's allegations. The Magistrate Judge reviewed the evidence submitted by the parties and concluded summary judgment was inappropriate:

> Mr. Douglas alleges that Officer Bowers slammed his head into a wall, punched him, pulled his hair, and kicked him, that Officer Froio maced him while he was compliant on the ground, and that Officer Trafton encouraged violence against him. Docket No. 58, ¶¶ 4-7. Mr. Douglas has attached photographs depicting injuries he allegedly sustained as a result of the altercation. Docket No. 1-5. Mr. Douglas further claims he was transported to a hospital following the incident due to the severity of his injuries. *Id.* at 2. Defendants admit that Mr. Douglas's head was hit against a wall (Docket No. 51-2, ¶ 10) and that he sustained injuries as a result of the physical altercation on October 2, 2016 (Docket No. 59, ¶¶ 10, 23). Further, Defendants admit that Mr. Douglas was transported to Wayne County Medical Center on October 2, 2016. Docket No. 59, p. 5.[7]
>
> Mr. Douglas avers that he requested the video footage of the altercation at issue, but he was unable to obtain it. Docket No. 56, p. 11. While the video footage would certainly provide more conclusive evidence of what happened on October 2, 2016, Mr. Douglas has nevertheless submitted facts sufficient that a reasonable jury could find that the force applied by Officer Bowers was an 'unnecessary and wanton infliction of pain' applied 'maliciously and sadistically to cause harm.' *See*

3

*Whitley*, 475 U.S. at 320-21; *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510, 91 L. Ed. 2d at 202.

In summary, the Court must accept Mr. Douglas's version of events at this stage in the litigation, without weighing the evidence or assessing the credibility of prospective witnesses. *See Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d at 202. Accepting Mr. Douglas's testimony and allegations as true, a reasonable jury could conclude that Mr. Douglas suffered severe pain that objectively violated contemporary norms of human dignity. *See Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950, 173 L. Ed. 2d at 868; *id.* at 248, 106 S. Ct. at 2510, 91 L. Ed. 2d at 202. Thus, Mr. Douglas has demonstrated that neither judgment on the pleadings nor summary judgment would be appropriate in this case.

---

[7] It is undisputed that Mr. Douglas attempted to request his hospital records to include as an exhibit, but this request was denied. Docket Nos. 58, ¶ 24; 59, ¶ 24.

(Doc. No. 63, at 21-22).

The Court agrees with the Magistrate Judge's determination that genuine material factual disputes preclude summary judgment on Plaintiff's excessive force claim. Defendants' arguments largely require the Court to make credibility determinations by accepting their version of events, which would be inappropriate in analyzing a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (holding that the court is not to make credibility determinations, weigh the evidence, or determine the truth of the matter). Defendants have failed to establish the Magistrate Judge erred on this point.

Having fully considered Defendants' objections, the Court concludes they are without merit, and that the Report and Recommendation should be adopted and approved. Accordingly, Defendants' Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment (Doc. No. 51) is **GRANTED** in part, and **DENIED** in part. Plaintiff's claims against

Core Civic and his claims against the individual defendants in their official capacity are dismissed. In all other respects, the Motion is denied.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

5