IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GREGORY D. DOUGLAS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 1:18-cv-00015 |
| DAMON HININGER, et al., | ) ) ) | Judge Campbell<br>Magistrate Judge Frensley |
| Defendants. | ) | |

### DEFENDANTS' MOTION IN LIMINE TO PREVENT PLAINTIFF FROM OFFERING ANY TYPE OF MEDICAL OPINION

Defendants Brandon Bowers and Doreen Trafton ("Defendants"), by and through counsel, move the Court for an order prohibiting Plaintiff and any of his witnesses from offering any testimony or argument that would amount to a medical opinion concerning the applicable standard of care, what medical care he believes he should have received while housed at South Central Correctional Facility ("SCCF"), or how any alleged action by Defendants actually caused him any injury, including but not limited to any physical, mental, emotional, or psychological injuries.

"[A] witness [who] is not testifying as an expert," or a lay witness, may offer testimony in the form of an opinion only if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. While a plaintiff is competent to testify with respect to his own physical condition, causation of an injury in most cases must be established by expert medical testimony. *Wilson v. Greyhound Lines, Inc.*, 2016 U.S. Dist. LEXIS 191322, *10 (W.D. Tenn. January 19, 2016). In this case, Plaintiff has no medical training or experience which would enable him to offer

testimony concerning how any action of Defendants caused him any permanent injury. Such evidence could only be presented by an expert in the field of medicine, and Plaintiff has offered no such expert.

Premises considered, this Court should prohibit Plaintiff and any of his witnesses from offering any testimony that would amount to a medical opinion concerning the applicable standard of care, what medical care he believes he should have received at SCCF, or how any action by Defendants actually caused him any permanent injury or exacerbated a prior injury, including but not limited to any physical, mental, emotional, or psychological injuries.

> Respectfully submitted,
>
> PENTECOST, GLENN & MAULDIN, PLLC
>
> By: s/J. Austin Stokes
> James I. Pentecost (#11640)
> J. Austin Stokes (#31308)
> *Attorneys for Defendants*
> 162 Murray Guard Drive, Suite B
> Jackson, Tennessee 38305
> (731) 668-5995 - Telephone
> (731) 668-7163 - Fax

**CERTIFICATE OF CONSULTATION**

The undersigned has submitted a written request to Plaintiff on this matter. Due to Plaintiff's incarceration, consultation by any other method of communication is impractical. In the event that a response is received from Plaintiff, Defendants will amend this Certificate of Consultation.

> s/J. Austin Stokes
> J. Austin Stokes

## **CERTIFICATE OF SERVICE**

      This is to certify that I served a copy of this pleading or papers by U.S. mail, first-class, postage prepaid, upon:

Gregory Douglas, #458144
Northeast Correctional Complex
5249 Hwy. 67 West
Mountain City, TN 37683

This the 27th day of December, 2021.

                                        By:    <u>s/J. Austin Stokes</u>
                                                   J. Austin Stokes