IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GREGORY D. DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:18-cv-00015 |
| | ) | |
| DAMON HININGER, et al., | ) | Judge Campbell |
| | ) | Magistrate Judge Frensley |
| Defendants. | ) | |

DEFENDANTS' MOTION IN LIMINE TO PREVENT PLAINTIFF FROM OFFERING ANY OPINION CONCERNING CORECIVIC/SCCF'S POLICIES, PROCEDURES, OR CUSTOMS

Defendants Brandon Bowers and Doreen Trafton ("Defendants"), by and through counsel, move the Court for an order prohibiting Plaintiff and any of his witnesses from offering any evidence, proof, or argument that CoreCivic's or South Central Correctional Facility's ("SCCF") policies, procedures, or customs were inappropriate or otherwise demonstrated deliberate indifference towards the safety or health of inmates.

Within his filings, Plaintiff has alleged, "CoreCivic has policies and customs that causes the deprivation of the 8th Amendment." (Document 56, PageID #: 248). CoreCivic is not a party to this action, and Plaintiff has no claim against CoreCivic. Thus, any proof or testimony concerning the appropriateness of the policies of CoreCivic or SCCF would be irrelevant and would only confuse the jury. Furthermore, the Federal Rules of Evidence permit opinion testimony by a lay witness only when such testimony is (a) rationally based on the witness's perception; (b) helpful to a clear understanding of the witness's testimony or determination of a fact in issue; and (c) not based on scientific, technical or other specialized knowledge. *See* Fed. R. Evid. 701. Whether jail policies and procedures are appropriate to protect an inmate's rights requires

specialized knowledge within the scope of Rule 702 of the Federal Rules of Evidence, and courts have held that in order to offer opinion testimony concerning the appropriateness of a jail's policies and procedures, one must be qualified as an expert. *See Duka v. Lake County Ohio*, 2014 U.S. Dist. LEXIS 150800, *23 (N.D. Ohio Oct. 22, 2014). Here, even if Plaintiff could somehow show that the appropriateness of CoreCivic's or SCCF's policies was relevant, *which he cannot*, Plaintiff has no experience in corrections to offer an opinion as to whether the policies and procedures of the facility were appropriate to protect his constitutional rights.

Premises considered, the Court should prohibit Plaintiff and any of his witnesses from offering any evidence, proof, or argument that CoreCivic's or SCCF's policies, procedures, or customs were inappropriate or otherwise demonstrated deliberate indifference towards his or any other inmates' safety or health.

Respectfully submitted,

PENTECOST, GLENN & MAULDIN, PLLC

By: s/J. Austin Stokes
James I. Pentecost (#11640)
J. Austin Stokes (#31308)
*Attorneys for Defendants*
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
(731) 668-5995 - Telephone
(731) 668-7163 - Fax

## CERTIFICATE OF CONSULTATION

The undersigned has submitted a written request to Plaintiff on this matter. Due to Plaintiff's incarceration, consultation by any other method of communication is impractical. In the event that a response is received from Plaintiff, Defendants will amend this Certificate of Consultation.

s/J. Austin Stokes
J. Austin Stokes

# **CERTIFICATE OF SERVICE**

      This is to certify that I served a copy of this pleading or papers by U.S. mail, first-class, postage prepaid, upon:

Gregory Douglas, #458144
Northeast Correctional Complex
5249 Hwy. 67 West
Mountain City, TN  37683

This the 27th day of December, 2021.

                                                By:    s/J. Austin Stokes
                                                                J. Austin Stokes