IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GREGORY D. DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:18-cv-00015 |
| | ) | |
| DAMON HININGER, et al., | ) | Judge Campbell |
| | ) | Magistrate Judge Frensley |
| Defendants. | ) | |

DEFENDANTS' MOTION IN LIMINE TO PREVENT PLAINTIFF FROM OFFERING ANY TESTIMONY OR PROOF CONCERNING ANY DISCIPLINARY ACTIONS TAKEN OR OTHER COMPLAINTS MADE AGAINST DEFENDANTS

Defendants Brandon Bowers and Doreen Trafton ("Defendants"), by and through counsel, move the Court for an order prohibiting Plaintiff and any of his witnesses from offering any evidence, proof, or argument concerning any employment actions, employment evaluations, or any other complaints filed against Defendants, if any such matters exist. Likewise, no such records, including but not limited to Defendants' employment, personnel, and/or disciplinary file(s), should be admitted and/or presented at trial.

The Federal Rules of Evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence that is not relevant is not admissible." Fed. R. Evid. 402. Even if evidence is relevant, Rule 403 requires its exclusion "if its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Further, a person's prior bad or wrongful acts

are not admissible to prove the character of a person in order to show that the person acted in conformity with his or her alleged character. Fed. R. Evid. 404; *see also Howerton v. Blomquist*, 240 F.R.D. 378, 380 (E.D. Mich. 2007).

Here, the only issue for trial is whether Defendants violated Plaintiff's Eighth Amendment rights by implementing excessive force against him on October 2, 2016. Any facts related to any of Defendants' employment/personnel/disciplinary records, performance evaluations, or past complaints or grievances made by other inmates have absolutely no relevance to the case at hand.

Premises considered, the Court should prohibit Plaintiff and any of his witnesses from offering any evidence, proof, or argument concerning any employment actions, employment evaluations, or any other complaints filed against Defendants or any related documentation concerning the same.

Respectfully submitted,

PENTECOST, GLENN & MAULDIN, PLLC

By: s/J. Austin Stokes
James I. Pentecost (#11640)
J. Austin Stokes (#31308)
*Attorneys for Defendants*
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
(731) 668-5995 - Telephone
(731) 668-7163 - Fax

## CERTIFICATE OF CONSULTATION

The undersigned has submitted a written request to Plaintiff on this matter. Due to Plaintiff's incarceration, consultation by any other method of communication is impractical. In the event that a response is received from Plaintiff, Defendants will amend this Certificate of Consultation.

s/J. Austin Stokes
J. Austin Stokes

## **CERTIFICATE OF SERVICE**

      This is to certify that I served a copy of this pleading or papers by U.S. mail, first-class, postage prepaid, upon:

Gregory Douglas, #458144
Northeast Correctional Complex
5249 Hwy. 67 West
Mountain City, TN 37683

This the 27th day of December, 2021.

                                              By:    <u>s/J. Austin Stokes</u>
                                                        J. Austin Stokes