IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GREGORY D. DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:18-cv-00015 |
| | ) | |
| DAMON HININGER, et al., | ) | Judge Campbell |
| | ) | Magistrate Judge Frensley |
| Defendants. | ) | |

## DEFENDANTS' MOTION IN LIMINE TO PREVENT PLAINTIFF FROM OFFERING ANY TESTIMONY CONCERNING AN ALLEGED "VIOLATION OF HIS CONSTITUTIONAL RIGHTS"

Defendants Brandon Bowers and Doreen Trafton ("Defendants"), by and through counsel, move the Court to prohibit Plaintiff, as well as his witnesses, from offering any legal conclusions concerning whether his constitutional rights were violated by Defendants. Specifically, Plaintiff is not qualified to opine on legal conclusions or on what correctional practices should or should not be taken, and therefore, should be precluded from doing so.

"[A] witness [who] is not testifying as an expert," or a lay witness, may offer testimony in the form of an opinion if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Here, the Court should preclude Plaintiff and his witnesses from offering any legal conclusions at trial, including whether they believe Plaintiff's "constitutional rights" were violated. Plaintiff is not a lawyer and is not trained in the law. Therefore, he cannot offer any type of helpful

opinion evidence to the jury concerning whether he believes his "constitutional rights" were violated. It is for the Court to instruct the jury on what constitutional rights are at issue in this case and for the jury to determine whether it believes said rights were violated based upon the facts presented. Plaintiff should not be able to offer his lay opinions concerning constitutional rights when he has no legal expertise or legal training and to do so would contravene the Court's authority to define the law for the jury.

Premises considered, Defendants move the Court to prohibit Plaintiff, as well as his witnesses, from offering any legal conclusions concerning whether Plaintiff's constitutional rights were violated due to the alleged incident in question.

Respectfully submitted,

PENTECOST, GLENN & MAULDIN, PLLC

By: s/J. Austin Stokes
James I. Pentecost (#11640)
J. Austin Stokes (#31308)
*Attorneys for Defendants*
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
(731) 668-5995 - Telephone
(731) 668-7163 - Fax

**CERTIFICATE OF CONSULTATION**

The undersigned has submitted a written request to Plaintiff on this matter. Due to Plaintiff's incarceration, consultation by any other method of communication is impractical. In the event that a response is received from Plaintiff, Defendants will amend this Certificate of Consultation.

s/J. Austin Stokes
J. Austin Stokes

## **CERTIFICATE OF SERVICE**

      This is to certify that I served a copy of this pleading or papers by U.S. mail, first-class, postage prepaid, upon:

Gregory Douglas, #458144
Northeast Correctional Complex
5249 Hwy. 67 West
Mountain City, TN 37683

This the 27th day of December, 2021.

                                                By:    <u>s/J. Austin Stokes</u>
                                                           J. Austin Stokes