IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GREGORY D. DOUGLAS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 1:18-cv-00015 |
| DAMON HININGER, et al., | ) ) ) | Judge Campbell Magistrate Judge Frensley |
| Defendants. | ) | |

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PAST LAWSUITS

Defendants Brandon Bowers and Doreen Trafton ("Defendants"), by and through counsel, move the Court to preclude Plaintiff and any of his witnesses from presenting any evidence to the jury or making statements at trial regarding any past lawsuits involving Defendants and/or CoreCivic.

This evidence should be excluded on the grounds that such evidence and statements are irrelevant and inadmissible under Rule 401, or, alternatively, would result in unfair prejudice to Defendants, would be confusing to the jury, and would be a waste of time pursuant to Rule 403. Rule 401 of the Federal Rule of Evidence provides that evidence is relevant if it "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 402 provides, in pertinent part, that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402.

Here, any evidence regarding past lawsuits involving Defendants and/or CoreCivic is completely irrelevant to the case at hand and will not make any fact more or less probable than it would be without evidence of any such lawsuit. Furthermore, any mention of past lawsuits

involving Defendants and/or CoreCivic would likely mislead the jury by confusing the issues and facts, resulting in unfair prejudice to the Defendants. Finally, presenting irrelevant evidence to the jury about past lawsuits would also be a waste of time and resources.

    Accordingly, Defendants moves this Court to preclude Plaintiff and any of his witnesses from presenting any evidence to the jury or from making statements at trial regarding any past lawsuits involving Defendants and/or CoreCivic.

Respectfully submitted,

PENTECOST, GLENN & MAULDIN, PLLC

By: s/J. Austin Stokes
James I. Pentecost (#11640)
J. Austin Stokes (#31308)
*Attorneys for Defendants*
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
(731) 668-5995 - Telephone
(731) 668-7163 - Fax

## CERTIFICATE OF CONSULTATION

    The undersigned has submitted a written request to Plaintiff on this matter. Due to Plaintiff's incarceration, consultation by any other method of communication is impractical. In the event that a response is received from Plaintiff, Defendants will amend this Certificate of Consultation.

s/J. Austin Stokes
J. Austin Stokes

## CERTIFICATE OF SERVICE

      This is to certify that I served a copy of this pleading or papers by U.S. mail, first-class, postage prepaid, upon:

Gregory Douglas, #458144
Northeast Correctional Complex
5249 Hwy. 67 West
Mountain City, TN 37683

This the 27th day of December, 2021.

                                      By:    <u>s/J. Austin Stokes</u>
                                                      J. Austin Stokes