IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GREGORY D. DOUGLAS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 1:18-cv-00015 |
| DAMON HININGER, et al., | ) ) ) | Judge Campbell Magistrate Judge Frensley |
| Defendants. | ) | |

## DEFENDANTS' MOTION IN LIMINE

Defendants Brandon Bowers and Doreen Trafton ("Defendants"), by and through counsel, move the Court to issue an order precluding introduction of or reference to the following matters at trial:

1. Defendants move the Court to preclude Plaintiff from making references to unrelated litigation at the trial of this matter.

2. Defendants move the Court to preclude Plaintiff from suggesting or asking jurors to place themselves in the position of Plaintiff (the "Golden Rule") as an improper appeal to passions and sympathies, uniformly excluded by courts as prejudicial and admissible. *See Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 496 (5th Cir. 1982); *Spray-Rite Service Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982) (noting that making the "'golden rule' appeal…is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence"); *Forrestal v. Magendantz*, 848 F.2d 303, 309 (1st Cir. 1988) (holding any such argument "taints a verdict as to be grounds for a new trial").

3. Defendants move the Court to preclude Plaintiff from engaging in any inquiry calculated to have jurors indicate that they would award a particular verdict amount based upon facts similar to the case at bar. Such inquiries attempt to commit jurors to a particular verdict amount before any evidence is presented.

4. Defendants move the Court to preclude Plaintiff from disclosing that these or other motions have been filed or ruled upon, or that Defendants have moved to prohibit proof or that the Court has excluded proof on any matter. Neither party should be allowed to reference such motions to the jury in an effort to paint the other party in bad light.

5. Defendants move the Court to preclude Plaintiff from making any reference to the failure or decision to call, or not to call, any witness during the trial.

6. Defendants move the Court to preclude Plaintiff from making any attempt in the presence of the jury to seek or request Defendants' attorneys to produce documents, to stipulate to any fact, or to make any agreement.

7. Defendants move the Court to preclude Plaintiff from directing any question to counsel in the presence of the jury.

8. Defendants move the Court to preclude Plaintiff from making any reference to the amount Defendants may have spent to defend this lawsuit.

9. Defendants move the Court to preclude Plaintiff from suggesting or asking the jurors to "send a message," "teach a lesson" or otherwise "punish" Defendants and/or CoreCivic. Any such suggestion is irrelevant under Federal Rule of Evidence 402 and is unduly prejudicial to Defendants under Federal Rule of Evidence 403.

10. Defendants move the Court to exclude any reference to or evidence, testimony, or argument referring to "victims." Referencing Plaintiff as a "victim" incorrectly implies the existence

of a "criminal" legal proceeding and serves only to improperly inflame certain jurors and to violate their oath not to let bias, sympathy, or prejudice play any part in their deliberations. The term "Plaintiff," or even using the Plaintiff's name, are both viable alternatives that do not have this same problem. *See* Fed. R. Evid. 403.

11. Defendants move the Court to exclude any reference, testimony, or argument concerning questions of ethical or moral obligation. Any questions about or reference to any ethical or moral obligation on the part of Defendants is intended only to arouse the passions of certain jurors and ask that they disobey the Court's instructions to let no part of passion, sympathy, or prejudice play a part in their decision. *See* Fed. R. Evid. 401-403.

Accordingly, Defendants move the Court to issue an order precluding the introduction of or reference to the above-referenced matters at trial.

> Respectfully submitted,
>
> PENTECOST, GLENN & MAULDIN, PLLC
>
> By: s/J. Austin Stokes
> James I. Pentecost (#11640)
> J. Austin Stokes (#31308)
> *Attorneys for Defendants*
> 162 Murray Guard Drive, Suite B
> Jackson, Tennessee 38305
> (731) 668-5995 - Telephone
> (731) 668-7163 - Fax

**CERTIFICATE OF CONSULTATION**

The undersigned has submitted a written request to Plaintiff on this matter. Due to Plaintiff's incarceration, consultation by any other method of communication is impractical. In the event that a response is received from Plaintiff, Defendants will amend this Certificate of Consultation.

> s/J. Austin Stokes
> J. Austin Stokes

# **CERTIFICATE OF SERVICE**

      This is to certify that I served a copy of this pleading or papers by U.S. mail, first-class, postage prepaid, upon:

Gregory Douglas, #458144
Northeast Correctional Complex
5249 Hwy. 67 West
Mountain City, TN  37683

This the 27th day of December, 2021.

                                                By:    <u>s/J. Austin Stokes</u>
                                                            J. Austin Stokes