IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GREGORY D. DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:18-cv-00015 |
| | ) | |
| DAMON HININGER, et al., | ) | Judge Campbell |
| | ) | Magistrate Judge Frensley |
| Defendants. | ) | |

DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ANY STATEMENTS, EVIDENCE, AND/OR ARGUMENT CONCERNING THE PRESENCE OF
ANY LIABILITY INSURANCE

Defendants Brandon Bowers and Doreen Trafton ("Defendants"), by and through counsel, move the Court to exclude statements, evidence, or argument of the presence of any liability insurance or self-insurance with regard to the determination of liability or compensatory damages. Specifically, Defendants move to exclude any statements, evidence, or argument concerning the liability insurance policy applicable to Defendants with regard to the determination of liability or compensatory damages pursuant to Rules 402, 403, and 411 of the Federal Rules of Evidence.

Specifically, Rule 411 of the Federal Rules of Evidence provides:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

Rule 411 excludes evidence that a party is covered by liability insurance when offered to show that the insured acted "negligently or otherwise wrongfully." 23 Wright & Miller, Federal Practice and Procedure, § 5364 at 448-49 (1st ed. 1980). The list of exceptions to Rule 411 is not exclusive

but "illustrates those exceptions which courts have generally held as admissible to prove a fact relevant to a material issue other than negligence." 40 A.L.R. Fed. 541, 553 § 5(c).

In *Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749 (6th Cir. 1980), the Sixth reversed a jury verdict where plaintiff's counsel in a tort action had made repeated statements concerning defendant's liability insurance coverage and its ability to pay a judgment. The Court stated:

> [I]t was prejudicial error for [plaintiff's counsel] to inject into the trial the idea that [defendant] had insurance which would cover any damages the defendant would be obliged to pay. Indeed, the impropriety of surreptitiously giving to the jury in negligence actions the idea that a verdict for the plaintiff will, in the last instance, fall upon a liability insurance company rather than upon the nominal defendant is widely recognized. Knowledge of defendant's insurance has traditionally been treated as fruit of the forbidden tree. Without question, a trial lawyer is treading on dangerous ground and always approaches grounds for a mistrial by the mere mention of insurance when same is not at issue. This is not a case where disclosure of insurance was accidental, inadvertent, or an ambiguous or oblique reference, or incidentally interjected by a witness into an unresponsive answer. Instead, here, the subject of insurance coverage for defendant in this action was pointedly, unambiguously, repeatedly, and deliberately brought out by counsel…. The general principle that the voluntary or intentional introduction into evidence, either directly or indirectly, by the plaintiff of the fact that a defendant in a tort action is protected by liability insurance, is prejudicial error and grounds for a mistrial, is…well settled.

*Kiewit*, 624 F.2d at 758 (internal citations and quotations omitted).

In the present case, there are no issues whatsoever concerning agency, ownership, or control that need to be proven by evidence of liability insurance or self-insurance. Nor is there any discernible basis that there may be a need to prove a witness's bias or prejudice through admission of liability insurance. Accordingly, the Court should exclude any statements, evidence, or arguments of the presence of liability insurance or self-insurance of CoreCivic with regard to determining liability or damages.

Respectfully submitted,

PENTECOST, GLENN & MAULDIN, PLLC

By: s/J. Austin Stokes
James I. Pentecost (#11640)
J. Austin Stokes (#31308)
*Attorneys for Defendants*
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
(731) 668-5995 - Telephone
(731) 668-7163 - Fax

## CERTIFICATE OF CONSULTATION

The undersigned has submitted a written request to Plaintiff on this matter. Due to Plaintiff's incarceration, consultation by any other method of communication is impractical. In the event that a response is received from Plaintiff, Defendants will amend this Certificate of Consultation.

s/J. Austin Stokes
J. Austin Stokes

## CERTIFICATE OF SERVICE

This is to certify that I served a copy of this pleading or papers by U.S. mail, first-class, postage prepaid, upon:

Gregory Douglas, #458144
Northeast Correctional Complex
5249 Hwy. 67 West
Mountain City, TN 37683

This the 27th day of December, 2021.

By: s/J. Austin Stokes
J. Austin Stokes