IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GREGORY D. DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:18-cv-00015 |
| | ) | |
| DAMON HININGER, et al., | ) | Judge Campbell |
| | ) | Magistrate Judge Frensley |
| Defendants. | ) | |

DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ANY STATEMENTS, EVIDENCE, AND/OR ARGUMENT CONCERNING ANY ALLEGATIONS OF INAPPROPRIATE ACTIONS BY ANY OTHER OFFICER/EMPLOYEE OF CORECIVIC

Defendants Brandon Bowers and Doreen Trafton ("Defendants"), by and through counsel, move the Court to prohibit Plaintiff or any of his witnesses from presenting any irrelevant proof, testimony, or argument concerning any alleged inappropriate conduct by any other officer/employee of CoreCivic at any time – other than the allegation of excessive force purportedly occurring on October 2, 2016, asserted against Defendants.

For instance, Plaintiff, within his filings, has alleged, "I have witnesses that can testify to CoreCivic's wrongdoings and customary use of excessive force on inmates." (Document 56, PageID #: 248, 256). Plaintiff has additionally alleged, "I have witnesses that can testify to CoreCivic not investigating citizen complaints on excessive force." (*Id*., PageID #: 256). Plaintiff further provided that "[t]his is a hierarchy that shows that CoreCivic use of excessive force is customary and the company participates in wrongdoing," that "[t]he company encourages employees to turn the other check [sic]," and that "CoreCivic ignores citizen's complaints. They never return calls from citizens concerned about the use of excessive force." (*Id*.).

Any such testimony should be excluded on the grounds that such testimony and any related statements from Plaintiff are irrelevant and inadmissible under Rule 401, or, alternatively, would result in unfair prejudice to Defendants, would be confusing to the jury, and would be a waste of time pursuant to Rule 403. Specifically, Rule 401 of the Federal Rules of Evidence provides that evidence is relevant if it "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 402 provides, in pertinent part, that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402.

Here, any allegation concerning any inappropriate action or omission of any other officer or employee of CoreCivic has no relevance to the issue at hand – whether Defendants, in their respective individual capacities, violated Plaintiff's Eighth Amendment rights by using excessive force against him. Accordingly, Defendants move the Court to prohibit Plaintiff and any of his witnesses from presenting any irrelevant proof, testimony, or argument concerning any such purported conduct.

Respectfully submitted,

PENTECOST, GLENN & MAULDIN, PLLC

By: s/J. Austin Stokes
James I. Pentecost (#11640)
J. Austin Stokes (#31308)
*Attorneys for Defendants*
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
(731) 668-5995 - Telephone
(731) 668-7163 - Fax

## CERTIFICATE OF CONSULTATION

The undersigned has submitted a written request to Plaintiff on this matter. Due to Plaintiff's incarceration, consultation by any other method of communication is impractical. In the event that a response is received from Plaintiff, Defendants will amend this Certificate of Consultation.

s/J. Austin Stokes
J. Austin Stokes

## CERTIFICATE OF SERVICE

This is to certify that I served a copy of this pleading or papers by U.S. mail, first-class, postage prepaid, upon:

Gregory Douglas, #458144
Northeast Correctional Complex
5249 Hwy. 67 West
Mountain City, TN  37683

This the 27th day of December, 2021.

By:    s/J. Austin Stokes
J. Austin Stokes
