IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GREGORY D. DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:18-cv-00015 |
| | ) | |
| DAMON HININGER, et al., | ) | Judge Campbell |
| | ) | Magistrate Judge Frensley |
| Defendants. | ) | |

DEFENDANTS' MOTION IN LIMINE TO PREVENT PLAINTIFF FROM INTRODUCING EVIDENCE OR STATEMENTS CONCERNING DEFENDANT'S CHARACTER OR OTHER PRIOR ACTS

Defendants Brandon Bowers and Doreen Trafton ("Defendants"), by and through counsel, move the Court to prohibit Plaintiff or any of his witnesses from presenting any irrelevant proof, testimony, or argument concerning certain character evidence and/or alleged crimes or other prior acts of Defendants.

Within his filings, Plaintiff has alleged, "I have witnesses that can testify to CoreCivic's wrongdoings and customary use of excessive force on inmates." (Document 56, PageID #: 248, 256). Plaintiff has additionally alleged, "I have witnesses that can testify to CoreCivic not investigating citizen complaints on excessive force." (*Id.*, PageID #: 256). He has further provided, "This is a hierarchy that shows that CoreCivic use of excessive force is customary and the company participates in wrongdoing," "The company encourages employees to turn the other check [sic]," and "CoreCivic ignores citizen's complaints. They never return calls from citizens concerned about the use of excessive force." (*Id.*).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probably than

it would be without the evidence and (b) the fact is of consequence to determining the action." Fed. R. Evid. 401. The Rules specifically provide, "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). The Rules additionally state, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b).

Defendants move to exclude evidence, questioning, and/or testimony relating to the above-referenced contentions of Plaintiff, as they have no relevance in the matter at hand and as Plaintiff has provided no evidence whatsoever to connect any prior "bad" act by Defendants to the event alleged in Plaintiff's Complaint. Further, as explained above, the Federal Rules of Civil Procedure specifically prohibit the introduction of evidence concerning "a person's character" or "a crime, wrong, or other act…in order to show that on a particular occasion the person acted in accordance with the character." *See* Fed. R. Evid. 404. Therefore, Plaintiff and his witnesses should be prohibited from introducing and/or referencing any other alleged, prior inappropriate behavior of Defendants.

        Respectfully submitted,

        PENTECOST, GLENN & MAULDIN, PLLC

By:    <u>s/J. Austin Stokes</u>
        James I. Pentecost (#11640)
        J. Austin Stokes (#31308)
        *Attorneys for Defendants*
        162 Murray Guard Drive, Suite B
        Jackson, Tennessee 38305
        (731) 668-5995 - Telephone
        (731) 668-7163 - Fax

## CERTIFICATE OF CONSULTATION

The undersigned has submitted a written request to Plaintiff on this matter. Due to Plaintiff's incarceration, consultation by any other method of communication is impractical. In the event that a response is received from Plaintiff, Defendants will amend this Certificate of Consultation.

s/J. Austin Stokes<br>
J. Austin Stokes

## CERTIFICATE OF SERVICE

This is to certify that I served a copy of this pleading or papers by U.S. mail, first-class, postage prepaid, upon:

Gregory Douglas, #458144
Northeast Correctional Complex
5249 Hwy. 67 West
Mountain City, TN  37683

This the 27th day of December, 2021.

By:    s/J. Austin Stokes<br>
J. Austin Stokes