IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GREGORY D. DOUGLAS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 1:18-cv-00015 |
| DAMON HININGER, et al., | ) ) ) | Judge Campbell<br>Magistrate Judge Frensley |
| Defendants. | ) | |

DEFENDANTS' MOTION IN LIMINE TO PREVENT PLAINTIFF FROM OFFERING ANY OPINION CONCERNING THE APPROPRIATENESS OF THE TRAINING OFFERED BY CORECIVIC/SCCF

Defendants Brandon Bowers and Doreen Trafton ("Defendants"), by and through counsel, move the Court for an order prohibiting Plaintiff and any of his witnesses from offering any evidence, proof, or argument that CoreCivic's or South Central Correctional Facility's ("SCCF") training was inappropriate or otherwise demonstrated deliberate indifference towards the safety or health of inmates.

Within his filings, Plaintiff has alleged:

> There is a high turnover rate that cripples the corporation from properly training employees. Moreover, the company does not give appropriate continuous training to their employees. Many times the employees escalate matters instead of deescalating based on improper training. This has been witnessed by me and many other inmates, former inmates, and employees. There are numerous of former inmates willing to testify to the guards using excessive force without repercussions or investigation. I can testify to witnessing guards using excessive force on other inmates as well.

(Document 56, PageID #: 248). Neither CoreCivic nor SCCF are parties to this action, and Plaintiff has no claim against CoreCivic. Thus, any proof or testimony concerning the appropriateness of the training offered by CoreCivic or SCCF would be irrelevant and would only confuse the jury.

Furthermore, the Federal Rules of Evidence permit opinion testimony by a lay witness only when such testimony is (a) rationally based on the witness's perception; (b) helpful to a clear understanding of the witness's testimony or determination of a fact in issue; and (c) not based on scientific, technical or other specialized knowledge. *See* Fed. R. Evid. 701. Whether certain training is appropriate to protect an inmate's rights requires specialized knowledge within the scope of Rule 702 of the Federal Rules of Evidence. Here, even if Plaintiff could somehow show that the appropriateness of CoreCivic's or SCCF's training was relevant, *which he cannot*, Plaintiff has no experience in corrections to offer an opinion as to whether the training offered to employees at the facility was appropriate to protect his constitutional rights.

Premises considered, the Court should prohibit Plaintiff and any of his witnesses from offering any evidence, proof, or argument that CoreCivic's or SCCF's training was inappropriate or otherwise demonstrated deliberate indifference towards his or any other inmates' safety or health.

Respectfully submitted,

PENTECOST, GLENN & MAULDIN, PLLC

By: s/J. Austin Stokes
James I. Pentecost (#11640)
J. Austin Stokes (#31308)
*Attorneys for Defendants*
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
(731) 668-5995 - Telephone
(731) 668-7163 - Fax

## CERTIFICATE OF CONSULTATION

The undersigned has submitted a written request to Plaintiff on this matter. Due to Plaintiff's incarceration, consultation by any other method of communication is impractical. In the event that a response is received from Plaintiff, Defendants will amend this Certificate of Consultation.

s/J. Austin Stokes
J. Austin Stokes

## CERTIFICATE OF SERVICE

This is to certify that I served a copy of this pleading or papers by U.S. mail, first-class, postage prepaid, upon:

Gregory Douglas, #458144
Northeast Correctional Complex
5249 Hwy. 67 West
Mountain City, TN 37683

This the 27th day of December, 2021.

By: s/J. Austin Stokes
J. Austin Stokes
