IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GREGORY D. DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:18-cv-00015 |
| | ) | |
| DAMON HININGER, et al., | ) | Judge Campbell |
| | ) | Magistrate Judge Frensley |
| Defendants. | ) | |

---

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

---

     Defendants Brandon Bowers and Doreen Trafton ("Defendants"), by and through counsel,

propose the following jury instructions:

## GENERAL INTRODUCTION - PROVINCE OF THE COURT AND JURY

Members of the Jury:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in this case. You are not to single out one instruction alone as stating the law but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but yours.

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proven the elements of his claim against each defendant by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The parties may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

# **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let anything that you may have seen or heard outside of court influence your decision in any way.

The term "evidence" includes the sworn testimony of the witnesses in court, whether testifying in person or by deposition, the exhibits admitted in the record, and the stipulations, if any, of the parties. Nothing else is evidence.

## **EVIDENCE EXCLUDED**

Evidence does not include everything that you have heard in the courtroom.

Evidence does not include answers, statements, or comments made by the parties that I ordered stricken. You are to treat anything that I ordered stricken as if you had never heard it.

Likewise, evidence does not include any objections raised by the parties. You must not speculate why I sustained or overruled any objection, nor are you permitted to guess what the answer might have been to any question I did not allow. You may not draw any inference or speculate on the truth of any suggestion included in a question that was not answered.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness' testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to any party, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something [or failed to say or do something] at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness' testimony less believable. Sometimes it may;

other times it may not. Two or more persons seeing an event may see or hear it differently. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## IMPEACHMENT OF WITNESS

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive duty to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness has shown knowingly to have testified falsely considering any material matter, you have a right to distrust that witness's testimony in other particulars. You may reject all of the testimony of that witness or give it such credibility as you think it deserves.

## **OBJECTIONS**

There is one more general subject that I want to talk to you about before I begin explaining the substantive elements of the Plaintiff's claim and the Defendants' defense.

The parties for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The parties have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## **SYMPATHY AND HOSTILITY**

Sympathy or hostility must not enter into your deliberation as jurors no matter what your sympathy or hostility may lead you to think. Sympathy or hostility has no place in the trial of a lawsuit, or in the making up of your minds as to what your verdict shall be. Do not permit any such emotional considerations to enter into your deliberations at all.

## DUTY TO DELIBERATE

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without doing violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own view and change your opinion, if convinced it is in error. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## UNANIMOUS VERDICT

Your verdict, whether it is for the Plaintiff or for the Defendants, must be unanimous. In other words, every one of you must agree with the verdict.

## **GAMBLING VERDICT**

In arriving at the amount of your verdict, you are cautioned to avoid what is known as a gambling or quotient verdict. A gambling verdict is one which would be arrived at by each of the jurors setting down the amount which he or she considers the Plaintiff is entitled to receive, adding the amounts together and dividing by the number of jurors, where the jurors have agreed beforehand to be bound by the result. A verdict arrived at in such manner would be illegal and could not stand. Fair and just compensation in an amount which all jurors can agree upon of their own free will after that particular amount has been discussed and all the jurors are satisfied with it, can be the only basis of a legal verdict rendered for the Plaintiff. The proper verdict will be one arrived at by the jury as the result of free, frank, and open-minded deliberations as fair and just under the law and evidence in this case.

## **USE OF NOTES**

Some of you may have taken notes during the trial. Once you retire to the jury room you may refer to your notes, but only to refresh your own memory. Your notes are not evidence. You may not read from your notes to your fellow jurors or otherwise inform them of what you have written. The notes may contain errors, or they may be misunderstood or taken out of context. The notes may only pertain to part of the testimony and may not be an exact account of what was said by a witness. You are free to discuss the testimony of the witnesses with your fellow jurors, but each juror must rely on his or her own memory as to what a witness did or did not say.

## <u>VERDICT FORM – JURY'S RESPONSIBILITY</u>

Nothing said in these instructions and nothing in the verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

## FOREPERSON AND VERDICT FORM

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

A verdict form has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you agree.

You will note that the verdict form contains questions which call for a "YES" or "NO" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question.

Once you have completed the verdict form, return with your verdict to the courtroom.

## COMMUNICATIONS BETWEEN COURT AND JURY
## DURING JURY DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

The court security officers, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person-not even to me-how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

## CREDIBILITY OF WITNESSES – FELONY CONVICTION

In determining the credibility and believability of the witnesses, you may consider any prior felony convictions that a witness, including the Plaintiff, has been convicted of for the purpose of its effect on his credibility as a witness, including the Plaintiff.

I instruct you that you may take into account the serious nature of the crimes the Plaintiff has been convicted of in evaluating and questioning the Plaintiff's credibility.

*Fed R. Evid. 609; United States v. Lattner, 385 F.3d 947, 961 (6th Cir. 2004); Thomas v. McDowell, 2014 U.S. Dist. LEXIS 146914, \*18-20 (S.D. Ohio Oct. 15, 2014); Wilson v. Hill, 2012 U.S. Dist. LEXIS 173888, \*5 (S.D. Ohio December 7, 2012); Molinares v. Limon, 2009 U.S. Dist. LEXIS 46222, at \*1 (W.D. Mich. June 2, 2009).*

I will now instruct you as to the law and the burden of proof as required in this case:

## INSTRUCTION 87-65: THE STATUTE

The law to be applied in this case is the federal civil rights law, which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*5-87 Modern Federal Jury Instructions-Civil P 87.03*

## INSTRUCTION 87-67:  PLAINTIFF'S BURDEN OF PROOF

The Plaintiff has the burden of proving each essential element of his Section 1983 claim by a preponderance of the evidence. To prove an assertion by a preponderance of the evidence means proving that it is more likely true than not true. If you find that any of the essential elements of the Plaintiff's Section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for Brandon Bowers and Doreen Trafton.

*5-87 Modern Federal Jury Instructions-Civil P 87.03*

## INSTRUCTION 87-68: ESSENTIAL ELEMENTS OF A SECTION 1983 CLAIM

To establish a claim under Section 1983, the Plaintiff must establish, by a preponderance of the evidence, that while acting under color of state law, Defendant Brandon Bowers and Defendant Doreen Trafton:

First, that the acts complained of were committed by each defendant acting under color of state law;

Second, that in committing these acts, each defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States; and

Third, that each defendant's acts were the proximate cause of injuries sustained by the plaintiff.

I instruct you that Defendant Brandon Bowers and Defendant Doreen Trafton, while serving as a officers at South Central Correctional Facility, acted "under color of state law" but you must decide whether the Plaintiff has met his burden of proof to show Defendant Brandon Bowers and Defendant Doreen Trafton deprived the Plaintiff of his constitutional rights and that Defendant Brandon Bowers and Defendant Doreen Trafton proximately caused any injury to the Plaintiff. I shall now examine these elements in greater detail.

*5-87 Modern Federal Jury Instructions-Civil P 87.03 (modified)*

## SECTION 1983 IS AN INDIVIDUAL LIABILITY STATUTE.

Liability in a § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, a defendant is liable only for his or her own, personal unconstitutional conduct.

*Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014); see also Smith v. Shelby County, 721 F. Supp. 2d 712, 721 (W.D. Tenn. 2010) ("Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability." (emphasis added)).*

**INSTRUCTION 87-74:  GENERAL INSTRUCTION**

The first disputed element of the Plaintiff's claim is that Defendant Brandon Bowers and Defendant Doreen Trafton, in committing the acts complained of, intentionally or recklessly deprived the Plaintiff of a federal right. In order for the Plaintiff to establish this element, the Plaintiff must show that those acts that you find the Defendants took under color of state law caused the Plaintiff to suffer the loss of a federal right; and that Defendant Brandon Bowers and Defendant Doreen Trafton performed these acts maliciously or sadistically to cause harm.

*5-87 Modern Federal Jury Instructions-Civil P 87.03 (modified)*

## CRUEL AND UNUSUAL PUNISHMENT - EXCESSIVE FORCE

In this case, the Plaintiff alleges that Defendant Brandon Bowers and Defendant Doreen Trafton used excessive force against him which resulted in Plaintiff enduring cruel and unusual punishment. A prison officer's conduct will be found to amount to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution when the offending conduct reflects an unnecessary and wanton infliction of pain. To prove this, the Plaintiff must demonstrate by a preponderance of the evidence that:

1) each Defendant applied the force maliciously and sadistically to cause harm; and

2) that the pain inflicted upon the Plaintiff was sufficiently serious.

*Cordell v. McKinney, 759 F.3d 573, 580 (6th Cir. 2014)*

## CRUEL AND UNUSUAL PUNISHMENT - REASONABLE FORCE

Prisons are necessarily dangerous places; they house society's most antisocial and violent people in close proximity with one another. Thus, a corrections officer has the right and duty to use such reasonable force as is necessary under the circumstances to maintain order and assure compliance with prison regulations. In this context, excessive force is force that exceeds what would be reasonable for an officer to use for such purposes under all the facts and circumstances presented by the situation. That is not to say that every hostile touch by a prison guard gives rise to a federal cause of action. Accordingly, not every push, shove, or restraint, even if it may later seem unnecessary, violates an inmate's constitutional rights.

*Farmer v. Brennan, 511 U.S. 825, 858-59 (1994); Cordell v. McKinney, 759 F.3d 573, 580 (6th Cir. 2014); Hudson v. McMillian, 503 U.S. 1, 9-10 (1992)( citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973)); Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir. 1986).*

## CRUEL AND UNUSUAL PUNISHMENT – VERBAL ABUSE

Allegations of verbal harassment, threats, or verbal abuse, without more, do not rise to the level of cruel and unusual punishment prohibited by the Eighth Amendment. In fact, harassment and verbal abuse, no matter how "shameful and utterly unprofessional," do not violate the Eighth Amendment.  Therefore, even if you find that Defendant Brandon Bowers or Defendant Doreen Trafton used inappropriate or threatening language, but no more, you must return a verdict in favor of Defendant Brandon Bowers and Defendant Doreen Trafton.


*Johnson v. Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004).

**INSTRUCTION 87-75:  STATE OF MIND – MORE THAN NEGLIGENCE REQUIRED**

In deciding whether Defendant Brandon Bowers and Defendant Doreen Trafton deprived Plaintiff of a federal right, you must keep in mind that liability under § 1983 does not arise from simply negligent conduct.  Only intentional or reckless misconduct that was performed maliciously or sadistically to cause harm will support a § 1983 claim for damages in this case. Therefore, if you find that Defendant Brandon Bowers and Defendant Doreen Trafton simply acted negligently, but no more, you must return a verdict in favor of Defendant Brandon Bowers and Defendant Doreen Trafton.

*5-87 Modern Federal Jury Instructions-Civil P 87.03 (modified)*

## INSTRUCTION 87-76:  STATE OF MIND—INTENTIONAL

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason. Please note that intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence.

*5-87 Modern Federal Jury Instructions-Civil P 87.03*

## INSTRUCTION 87-79:  PROXIMATE CAUSE—GENERALLY

The third element that the Plaintiff must prove is that the Defendants' acts were a proximate cause of injuries sustained by the Plaintiff. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the Defendants' act. If you find that Plaintiff's injuries, if any, were the result of a preexisting condition and not caused by something other than Defendant Brandon Bowers's and/or Defendant Doreen Trafton's actions, you must return a verdict in favor of Defendant Brandon Bowers and Defendant Doreen Trafton.

*5-87 Modern Federal Jury Instructions-Civil P 87.03*

## **EFFECT OF DAMAGES INSTRUCTIONS**

The fact that I will instruct you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.

## <u>CERTAINTY OF DAMAGES</u>

Damages are prohibited only when the existence of damage is uncertain, not when the amount is uncertain. Mathematical certainty is not required. It is sufficient if the extent of the damages may be reasonably inferred from the evidence.

## INSTRUCTION 87-87:  COMPENSATORY DAMAGES

If the Plaintiff has proved all three essential elements of his Section 1983 claim, then you must award him a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a proximate result of the Defendants' misconduct. You shall award damages only for those injuries that you find the Plaintiff has proven by a preponderance of the evidence. Moreover, you may not simply award damages for any injury suffered by the Plaintiff—you must award damages only for those injuries that are a proximate result of conduct by Defendant Brandon Bowers or Defendant Doreen Trafton that violated the Plaintiff's federal rights under color of law.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Defendant Brandon Bowers or Defendant Doreen Trafton should be liable.  It is the Plaintiff's burden to prove all elements as I have instructed, and if he has not, then you must enter judgment for Defendant Brandon Bowers and Defendant Doreen Trafton and not answer any questions as to damages.

*5-87 Modern Federal Jury Instructions-Civil P 87.03 and T.P.I.-Civil 11.74 (modified).*

## INSTRUCTION 87-88 NOMINAL DAMAGES

If you return a verdict for the Plaintiff, but find that Plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in the sum of one dollar, evidencing that liability has been proved.

*5-87 Modern Federal Jury Instructions-Civil P 87.03*

## <u>INDIVIDUAL LIABILITY</u>

Defendant Brandon Bowers and Defendant Doreen Trafton are both sued in their individual capacities in this case. This means that each Defendant will be personally liable should damages be awarded against him/her in this action.

## APPLY FACTS TO LAW I GIVE YOU.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

You may have heard the parties or witnesses in this case offer their opinions about what the law is. I am instructing you not to consider any opinions about the meaning of law in coming to your decision in this case. Again, you must follow the law as I give it to you whether you agree with it or not.

Respectfully submitted,

PENTECOST, GLENN & MAULDIN, PLLC

By:     s/J. Austin Stokes
        James I. Pentecost (#11640)
        J. Austin Stokes (#31308)
        *Attorneys for Defendants*
        162 Murray Guard Drive, Suite B
        Jackson, Tennessee 38305
        (731) 668-5995 - Telephone
        (731) 668-7163 - Fax

## CERTIFICATE OF CONSULTATION

To date, the undersigned has not received any communications from Plaintiff concerning the pretrial filings referenced/mandated within this Court's Order. (Document 71). On December 30, 2021, the undersigned attempted to schedule a telephone call with Plaintiff at his current facility, Northeast Correctional Complex ("NECX"), located in Mountain City, Tennessee. Due to Plaintiff's current place of confinement, an in-person meeting between the undersigned and Plaintiff is not practicable. The undersigned has been informed that the individuals that facilitate such communications at said facility are unavailable until Tuesday, January 4, 2022.

By:     s/J. Austin Stokes
        J. Austin Stokes

## CERTIFICATE OF SERVICE

This is to certify that I served a copy of this pleading or papers by U.S. mail, first-class, postage prepaid, upon:

Gregory Douglas, #458144
Northeast Correctional Complex
5249 Hwy. 67 West
Mountain City, TN  37683

This the 3rd day of January, 2022.

By:     s/J. Austin Stokes
        J. Austin Stokes