IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| GREGORY D. DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:18-cv-00015 |
| | ) | |
| DAMON HININGER, et al., | ) | Judge Campbell |
| | ) | Magistrate Judge Frensley |
| Defendants. | ) | |

### DEFENDANTS' PROPOSED PRETRIAL ORDER

Defendants Brandon Bowers and Doreen Trafton ("Defendants"), by and through counsel, propose the following Pretrial Order:

**(1) Nature of the Case**

This is a civil rights case. On October 2, 2016, Plaintiff Gregory Douglas, an inmate of the Tennessee Department of Correction, was incarcerated at South Central Correctional Facility ("SCCF"), Defendant Brandon Bowers was employed as a correctional officer at SCCF, and Defendant Doreen Trafton was employed as a senior correctional officer at SCCF. Plaintiff alleges that on said date, Defendants Bowers and Trafton used excessive force against him which resulted in Plaintiff enduring cruel and unusual punishment in violation of the Eighth Amendment. Defendants Bowers and Trafton contend that Plaintiff's claims, as well as any allegations that his witnesses may present in an attempt to support Plaintiff's claims, are inaccurate and have no merit whatsoever.

**(2) Jurisdiction**

Defendants admit that this Court has jurisdiction over the parties and the subject matter of

this litigation pursuant to 28 U.S.C. § 1331.

(3) **Plaintiff's Theory**

As of the time of this filing, Plaintiff has not provided any information for use within this Pretrial Order.

(4) **Defendants' Theory**

On October 2, 2016, Plaintiff was being housed in Skylab Unit ("Skylab") at SCCF due to prior disciplinary issues. On that day, two correctional officers entered Skylab to escort Plaintiff to another location. As they attempted to begin their escort, Plaintiff physically assaulted the officers, striking them with a closed fist to the head and face.

Defendant Trafton responded to the incident, and upon her arrival, the two officers had Plaintiff, who was still in a combative state, on the floor. After Plaintiff became compliant, Defendant Trafton noticed a homemade weapon fall from Plaintiff's pants. Defendant Trafton recovered the weapon, and Officer Trafton and another officer, Captain Michael Ward, began escorting Plaintiff away from his cell. Defendant Bowers arrived shortly thereafter, and Captain Ward and Defendant Bowers took over Plaintiff's escort. Other than briefly escorting Plaintiff from his cell door with Captain Ward prior to Defendant Bowers' arrival, Defendant Trafton did not touch Plaintiff.

As Captain Ward and Defendant Bowers were escorting Plaintiff into the central area of Skylab, Plaintiff began to struggle against his restraints, pull away, and attempt to kick the officers. Said actions posed an immediate threat to the safety and well-being of Plaintiff and of the officers present. In an effort to gain control of Plaintiff, Captain Ward and Defendant Bowers placed Plaintiff on the ground. At no time did Captain Ward or Defendant Bowers use more force than was necessary to gain control of Plaintiff.

After Plaintiff became compliant, Captain Ward and Defendant Bowers continued escorting Plaintiff into a room inside of Skylab to be seen by a nurse. However, upon entering the room, Plaintiff again began to struggle against his restraints, pull away, and attempt to kick the officers. Said actions again posed an immediate threat to the safety and well-being of Plaintiff and of the officers present. In an effort to gain control of Plaintiff, Captain Ward and Defendant Bowers placed Plaintiff on the ground. At no time did Captain Ward and Defendant Bowers use more force than was necessary to gain control of Plaintiff. After Plaintiff became compliant, Plaintiff was escorted to the primary medical facility at SCCF for evaluation and treatment by medical staff. At that time, Defendant Bowers discovered another weapon in the waist band of Plaintiff's pants.

Subsequently, Plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act concerning any claims against these Defendants arising from the incident at issue.

Ultimately, at no time did Correctional Officer Bowers or Senior Correctional Officer Trafton violate the Plaintiff's constitutional rights as a prisoner. Accordingly, Judgment should be returned in Defendant Bowers' and in Defendant Trafton's favor.

**(5)   Statement of the Issues for the Jury**

1) Whether the Defendants applied force beyond what was necessary to escort Plaintiff on October 2, 2016;

2) If so, whether the Defendants applied force maliciously and sadistically to cause harm to Plaintiff on October 2, 2016;

3) If so, whether any pain or injury inflicted upon Plaintiff was proximately caused by the force applied by Defendants on October 2, 2016;

4) If so, whether any pain or injury of Plaintiff proximately caused by Defendants was sufficiently serious; and

5) If so, whether Plaintiff is entitled to any damages.

**(6) Statement of the Issues for the Court**

1) Whether Plaintiff properly exhausted his administrative remedies as required under the Prison Litigation Reform Act ("PLRA").

**(7) Statement of the Relief Sought**

As of the time of this filing, Plaintiff has not provided any information for use within this Pretrial Order.

**(8) Summary of Anticipated Evidentiary Disputes**

Defendants anticipate that the evidentiary disputes that will arise have been outlined within their motions *in limine*.

**(9) Estimated Length of the Trial**

Defendants anticipate the trial will last approximately two (2) days.

**(10) Right to Amend Jury Instructions**

Defendants reserve the right to submit additional proposed jury instructions and/or jury verdict forms at the end of the proof and before the charge to the jury.

**(11) Dismissal of unserved Defendants**

All unserved Defendants are hereby dismissed.

**(12) Bifurcation**

If Plaintiff seeks punitive damages from Defendants, the trial in this matter shall be bifurcated into two phases: (1) the first phase to determine liability and, if applicable, the amount of compensatory damages; and (2) the second phase to determine, if applicable, the amount of punitive damages.

Respectfully submitted,

PENTECOST, GLENN & MAULDIN, PLLC

By: s/J. Austin Stokes
James I. Pentecost (#11640)
J. Austin Stokes (#31308)
*Attorneys for Defendants*
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
(731) 668-5995 - Telephone
(731) 668-7163 - Fax

## CERTIFICATE OF CONSULTATION

To date, the undersigned has not received any communications from Plaintiff concerning the pretrial filings referenced/mandated within this Court's Order. (Document 71). On December 30, 2021, the undersigned attempted to schedule a telephone call with Plaintiff at his current facility, Northeast Correctional Complex ("NECX"), located in Mountain City, Tennessee. Due to Plaintiff's current place of confinement, an in-person meeting between the undersigned and Plaintiff is not practicable. The undersigned has been informed that the individuals that facilitate such communications at said facility are unavailable until Tuesday, January 4, 2022.

By: s/J. Austin Stokes
J. Austin Stokes

## CERTIFICATE OF SERVICE

This is to certify that I served a copy of this pleading or papers by U.S. mail, first-class, postage prepaid, upon:

Gregory Douglas, #458144
Northeast Correctional Complex
5249 Hwy. 67 West
Mountain City, TN 37683

This the 3rd day of January, 2022.

By: s/J. Austin Stokes
J. Austin Stokes